Nelson v. Godfrey.

ARBA NELSON, Pltff in Error, v. BENJAMIN GODFREY, Deft in
Error.

ERROR TO MADISON.

It is a familiar principle, that when a person exercises or enjoys a peculiar privilege
productive of benefit to him alone, the law requires that he shall exercise extra-
ordinary care to so use or enjoy such special privilege, that no injury whatever
shall result through such use or enjoyment, to other parties.

This was an action of trespass on the case, brought by plain-
tiff in error against the defendant in error in the Madison Circuit
Court.   The declaration contained several counts, as follows:

The first count states that plaintiff was possessed of a ware-
house, in the city of Alton, containing goods, and merchandise;
that defendant, being possessed of a lot near said warehouse, did,
on an subsequently to the 1st day of May, 1850, dig a cellar
upon said lot, in so careless and negligent a manner, that on the
23d of May, 1850, a large quantity of rain water flowed into
the same, and from thence down upon the premises of plaintiff,
thereby greatly injuring the said merchandise, &c.   The second
count differs from the first, in stating, that defendant dug a cel-
lar *under the sidewalk*, on the west side of State street, and near
plaintiff's warehouse, in so careless and negligent a manner, that
the water flowed into it, and thence upon plaintiff's premises.
The third count differs from the previous, in stating that, defend-
ant dug said cellar, in the sidewalk aforesaid, the same being a
public highway, in said city—wrongfully and unlawfully; but
not alleging any negligence.   The fourth count differs from the
others, in stating that defendant did stop up, and entirely
obstruct the gutter on the west side of State street, near the said
warehouse of plaintiff; the said gutter being a public gutter, in
which the water was accustomed to run, by means of which stop-
page and obstruction, the water ran down upon plaintiff's pre-
mises and merchandise.   The fifth count states, that there was,
on the west side of State street, aforesaid, and adjoining the side-
walk thereon, the same being a public highway in said city, a
public gutter, or passage-way, for draining off the rain water
which might flow down said street, and in which it was accus-
tomed to flow, and of right ought to flow; that said gutter was
paved on the bottom with stone, and on the side next the side-

walk, there was a line of curb stones placed, to protect and strengthen the sidewalk and gutter; that defendant caused the pavement to be removed from a part of said sidewalk, near plaintiff's warehouse, and did dig a cellar, in and under said sidewalk, and extending to said curbing stones and gutter, in so negligent, improper, and careless a manner, that the said curb stones were left without sufficient earth to support them, and were so much injured and weakened thereby, that the rain water, running down the said gutter, forced, and washed out said curb stones, at the place where said cellar was dug, and thence flowed into plaintiff's warehouse, &c. The sixth count states, that there was, on the west side of State street, adjoining the sidewalk, the same being a public highway, a gutter for draining off the water; which was paved at the bottom, and a line of curb stones at the side of the sidewalk, so as to protect and strengthen said sidewalk and gutter; that the defendant caused the pavement to be removed from a part of said walk, near to plaintiff's warehouse, and dug a cellar in and under the sidewalk, and extending to the curb stones and gutter, in so careless, improper, and negligent a manner, that the curb stones were left without sufficient earth to support them, and were so much injured and weakened, that the water forced, and washed out said curb stones, where the cellar was dug, and thus flowed down upon the warehouse of plaintiff, &c.

Damage of plaintiff, $1000.

The defendant plead the general issue.

The cause was tried before Underwood, Judge, and a jury, at August term, 1850, and resulted in a verdict for the defendant. The plaintiff moved for a new trial, which was denied. A bill of exceptions was taken, and the cause brought to this Court by writ of error.

BILLINGS & PARSON and DAVIS & EDWARDS, for Pltff in error.

The maxim, "*sic utere tuo ut alienum non lædas ulterum,*" is of universal application, and in this case applies with peculiar force. Sutton *v.* Clarke, 1 Com. Law Rep., 500; Hooker *v.* The New Haven & Northampton Company, 14 Conn., 146; Brighton *v.* Carter, 18 J. R. ,404; Thurston *v.* Hancock *et al.*, 12 Mass., 220 and note; Runnells *v.* Bullen, 2 N. H., 532; Bush *v.* Brainard, 1

Cowen, 78; Law of Easements, by Gale & Whatley, pp. 163–4, 168–9, 175, 180, 184; The King v. The Com'rs of Sewers, 15 Com. Law Rep., 239; Broom's Legal Maxims, 25; Law Library, pp. 90, 118, 122; Clark v. Lake, 1 Scam., 229. A purchaser of a town lot, designated upon a recorded plat, only acquires a title to the land included within the actual limits of the lot as designated. The Board of Trustees v. Haven et al., 11 Ills. 554.

W. Martin, J. Gillespie, and E. Keating, for Def't in error.

In actions for damages where the matter is peculiarly proper for the consideration of a jury, their verdict should not be disturbed, unless at *first blush*, it appears to be erroneous, and ought not to be sustained by the evidence presented.

The verdict here should be sustained. The evidence is conflicting as to whether the defendant was chargeable with negligence in using the street, the use of which caused the damage. Although the weight of testimony is, as we think, in favor of defendant.

All the law applicable to the case was given to the jury, in the instructions, hence a new trial should not be allowed.

Caton, J.     This action, was brought to recover damages resulting to the plaintiff by reason of an excavation for a coal cellar, made by the defendant, in the sidewalk in front of his premises on State street, in the city of Alton, through which the water from the gutter of the street passed into the defendant's cellar, and thence through several other cellars, into that of the plaintiff, and did the damage complained of. We think the plaintiff was clearly entitled to recover, and had the jury understood the law as applicable to the case, they could not have avoided rendering a verdict in his favor.

The case shows that in April last, the excavation was made in the sidewalk for the coal cellar, by which all of the earth was removed from behind the curbstone which formed that side of the gutter next the sidewalk. The curbstone was at first supported in its place by wooden props, and afterwards an eighteen inch wall was built up on the side of the excavation next to the street, so that a part of the curbstone rested upon the edge of the wall, which was extended up from four to eight inches against

the back or lower side of the curbstone, which was two feet in depth. This wall was sufficient to support the curbstone in its place when no extraordinary pressure was applied to it from without. In this condition the work upon the wall was suspended. This wall might have been raised to within four inches of the top of the curbstone in one day, when it would have been ready to have received the flagging for the sidewalk, and when it would have afforded a perfect support to the curbstone, and effectually secured it against accident. The work was allowed to remain in this insecure condition for ten days or more, when an unusually heavy rain occurred in the night time, and the water rushing down the gutter in large quantities, undermined and forced in the curbstone, and even prostrated the wall, which had been erected partially under and back of it. All the witnesses agree, that if the excavation had not been made, or if the curbstone had been made sufficiently secure, the water would not have got into the cellar, and no damage would have resulted.

We are not prepared to admit, that the defendant could, by reason of his ownership of the adjoining property, claim the absolute right to take up the sidewalk and extend his coal cellar under it, but as such a privilege is of great convenience in a city, and may with proper care be exercised with little or no inconvenience to the public, we think that authority to make such cellars may be implied in the absence of any action of the corporate authorities to the contrary, they having been aware of the progress of the work. But while we infer a license thus to use a part of the public street, it is on the condition that the person doing so, shall use more than ordinary care and expedition in the prosecution of the work. Neither the public or other individuals can derive any possible advantage from such a use of the sidewalk, but it is solely for the defendant's benefit, and he must see to it that he does not endanger the safety of others, and that he incommodes the public as little as possible. It is a familiar principle, that when one enjoys a privilege as a matter of favor, in consideration that he alone can enjoy the benefit, he is required to use extraordinary care in the exercise of the privilege. A familiar instance of the application of this rule, is the bailment of a horse. If the horse is loaned without compensation, the bailee is bound to take extraordinary care of the horse, but if he pays for the use of the horse, he is not responsible for

his loss, if ordinary care is exercised. In this case but for the favor extended to the defendant, the plaintiff would not have sustained this loss. The defendant alone could reap a benefit, and he ought to be responsible for all damages which might have been avoided by special vigilance and care. Here is a palpable case of the want of even ordinary care. When the work of one day would have secured everything from all danger, he suffered the work to remain in an unfinished and insecure condition for nearly two weeks. It is no excuse that he thought it secure, when he must have known that there was a liability, if not a probability of injury from it. A week before the accident occurred, the defendant was admonished of the danger in case of a heavy rain, which he admitted, and promised to provide against it. This he neglected to do; and upon every principle of law and justice he ought to suffer the loss, rather than have it fall upon an innocent party, who could not derive any possible benefit from the work, and who had no control over it. Before the defendant disturbed the sidewalk at all, he should have had all the material on hand and a sufficient number of workmen to have finished it in the shortest practicable time. Had he done this, private property would not have been endangered, and but little inconvenience would have resulted to the public.

The judgment must be reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*