No. 1,770.

## GASTON *v.* BAILEY.

EVIDENCE.—*Owner of Fee of Street.—Defective Covering of Coal-hole in Sidewalk.—Negligence.—Damages.*—In order to charge the owner of the fee in a street in front of his premises with negligence, because of the defective fastening of the cover of a coal-hole in the sidewalk, it must appear that he made the hole and placed the cover in the sidewalk, or, if made and placed there by others without his authority or acquiescence, that he assumed control thereover.

HIGHWAY.—*Street.—Safety Of.—Personal Injury.—Owner of Fee.*—Neither the city nor the owner of the fee in a street guarantees the absolute safety of the sidewalk; and negligence is essential to the liability of the owner for an injury received upon such walk.

SPECIAL VERDICT.—*Finding as to Care and Diligence.*—A finding in a special verdict that plaintiff used due diligence and exercised ordinary care, under the circumstances, or that he was not guilty of contributory negligence, is of no effect unless the facts from which the inference is drawn are also found.

From the Marion Superior Court.

*J. B. Sherwood*, for appellant.

*Lamb, Hill & Dye*, for appellee.

Ross, J.—This action was brought by the appellee against the appellant, to recover damages for injuries to her person, received by falling into a coal-hole in the sidewalk in front of appellant's property on Delaware street in the city of Indianapolis.

Upon a trial of the cause, the jury returned a special verdict as follows: "That said plaintiff, Maud Bailey, on or about the 27th day of November, 1893, while passing along the west sidewalk of Delaware street, in the city of Indianapolis, Marion county, Indiana, exercising due and proper care, stepped upon the cover of a

coal-hole lying east of the Halcyon block and within the limits of the sidewalk between the property line and the curb on the said west side of Delaware street, and when she stepped upon the cover over said coal-hole with her left foot, said cover slipped off from said coal-hole and let the plaintiff's left foot and leg into said coal-hole, the whole length of her leg, and the cover over said coal-hole turned upon its edge in the hole, and when plaintiff fell, she struck her left side upon the edge of the cover so turned up, and received thereby a severe bruise on her left side, and also received a bruise in her groin and an abrasion of skin between her left knee and ankle, and by said fall she was severely injured; that said Halcyon block, and the coal vault under the sidewalk in connection with the same, and the cover of the coal-hole into which the plaintiff fell, were at that time the property of the said defendant, John M. Gaston; and that said cover slipped from said coal-hole and turned upon its edge, as above described, when stepped upon by said plaintiff; that said cover was not securely fastened upon said coal-hole, but, by the defendant, had been permitted to remain on said coal-hole without being so securely fastened thereon as to avoid its slipping and turning, as above described.

"If, upon the foregoing facts, the law is with the plaintiff, we find for the plaintiff, and assess her damages at one thousand dollars ($1,000.00). If the law is with the defendant, we find for the defendant."

The appellant, under the second, third and fourth specifications of error assigned, insists that the facts found are insufficient to sustain a judgment for appellee.

It is well settled in this State that the owner of a lot abutting on a street is also the owner of the fee and entitled to the use of such street to the center thereof, subject to the right of the public to use the same as a

street.  *Haslett* v. *New Albany, etc., R. R. Co.,*
7 Ind. App. 603, and cases cited.  This right of the
landowner to use that part of the lot occupied by the
street, is subject to the easement of the public, and he
has no right to make any use of it that will interfere
with the safe use thereof by the general public.  The
city is bound to keep its streets and sidewalks in a rea-
sonably safe condition for travel (*Trout* v. *City of
Elkhart*, 12 Ind. App. 343), and the property owner has
no right to make said street or sidewalk unsafe for use
by the public.  When he assumes to make use of his
property in conjunction with the public's right to use
it also, he must keep and leave it in such condition as
to be reasonably safe for travel.  If he is negligent and
makes pitfalls or places obstructions therein, and travel-
ers using the street and exercising due care are injured
by reason of such obstructions or pitfalls, he must answer
therefor in damages.  The easement of the public is
paramount to the land-owner's right to use that part
of his lot covered by the street and his right to use it is
subservient to the public's right to pass over it.

In a number of States it has been held that the abut-
ting lot-owner has no ownership in or to the fee of the
street; and, following those holdings, it has been held that
anything done by the lot-owner to the street which in
any way detracted from its safety, was a nuisance, and
any damage arising therefrom would entitle the injured
party to exact damages from him, and that it was no
defense that he had exercised the utmost care and made
the street reasonably safe.  The basis of such holdings
rests upon the fact that the lot-owner had no right to
use the street except as the general public used it, and
that if he did make use of it in a way different from the
manner intended as a public highway, he created a
nuisance and was liable for the consequences.  Of course,

if the lot-owner has no right to use the street except as a thoroughfare, his use of it for any other purpose would be a nuisance, for which if injury arose therefrom would furnish ground for a private action, without regard to the question of negligence on his part in his manner of using it or the condition in which he left it.    When a party does that which is in itself wrongful, the manner in which it was done whether with the utmost care or not is immaterial, for his liability does not depend upon his negligence, but upon his right to do the thing at all. But when he has a right to do a thing, no liability attaches to him unless he was negligent in doing it.

The verdict of the jury contains a finding that the coal vault under the sidewalk and the cover of the coal-hole into which appellee fell were at that time the property of the appellant; that the cover was not securely fastened upon the coal-hole, but had been permitted by the appellant to remain on the coal-hole without being securely fastened.    If the appellant is to be adjudged guilty of negligence, the inference must arise from the fact that he owned the coal-hole and cover; that the cover was not securely fastened to keep it from slipping, and because he had permitted it to be in that condition.

"Negligence, whether on the part of the plaintiff or of the defendant, may be defined as the want of ordinary or reasonable care in respect of that which it is the duty of the party to do or to leave undone." Buswell Personal Injuries, section 91.

All negligent acts or omissions of a party will not attach to him a liability, but only those which will embrace the infringement of some right of others.    As said by Hackney, J., in *Faris* v. *Hoberg*, 134 Ind. 269: "In every case involving actionable negligence, there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant

to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; (3) an injury to the plaintiff from such failure of the defendant.    When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient."

Let us apply this rule to the facts found relative to the appellant.

The duty of the appellant was, if he used the sidewalk at all, to do so having due regard to the prior or paramount right of the public to use it as a passage way.    But the jury did not find either that the appellant put the coal hole or cover in the sidewalk or that he used them.    It is true the jury find that he owned them, but that may all be true, because inasmuch as he owns the fee of the street he owns all that is permanent upon it, and yet he may not be answerable for what has been placed there.    His ownership in the fee of the street and all that is permanently attached thereto is absolute, the only adverse right being that of the public to pass over it.    If he did not place the coal hole or cover in the sidewalk, and did not use them or claim the right to maintain them there, it is difficult to see how he should be answerable for their being there.    If they were placed there by others without his authority, permission or acquiescence, and after placed there he did not assume control over, or claim any right to their use or to maintain them there, he was under no obligation to look after them or see that they were reasonably safe.

Again, while the facts found show that the cover was not so securely fastened that it would not slip, yet there are no facts found to show that it was not reasonably safe, although not securely fastened.    If the duty rested upon appellant to see that his sidewalk was absolutely

safe for use by pedestrians, then a mere finding that an injury resulted on account of a defect therein would make him liable, but that is not the law in this State. Neither the city nor the property-owner guarantees the absolute safety of the sidewalk. They both, in the exercise of their rights, simply undertake to see that it is reasonably safe for use, and that injury does not result from their negligent acts or omissions. And in an action brought by one injured by reason of a defect in a street or sidewalk, the duty rests upon him to prove that the defendant was guilty of negligence. Without a finding that the appellant placed the coal hole and cover in the sidewalk, or that he used and maintained them, or that he knew that the cover would slip, or facts showing the length of time it had remained in that condition, so that the inference of knowledge would attach, there is nothing from which to infer negligence on his part.

The jury find that the appellee, while passing along and over the sidewalk, "exercising due and proper care, stepped upon the cover," and it slipped off and she fell with one limb in the coal hole. No facts are found as to the manner in which she was walking or what precautions she took to avoid being injured. A finding that a party used due diligence, that he exercised ordinary care under the circumstances, or that he was not guilty of contributory negligence, are all inferences to be drawn from the facts found. Whether inferences of law or of fact, we need not now determine. If inferences of fact, as seems to be the intimation in the case of *Cincinnati, etc., R. W. Co.* v. *Grames*, 136 Ind. 39, it was proper for the jury to so find, but the finding of such an inference is of no value and cannot be considered, unless the facts from which the inference is drawn are also found. *Walkup* v. *May*, 9 Ind. App. 409.

At most, the finding that appellee was "exercising due and proper care" is but an inference, and no facts having been found from which such an inference could be drawn, we must disregard it.

The judgment is reversed, with instructions to grant appellee a new trial if asked for within ninety days, otherwise that the court render judgment on the verdict in favor of the appellant.

