## GASTON v. BAILEY.

[No. 2,482.    Filed May 24, 1899.    Rehearing denied Jan. 26, 1900.]

NEGLIGENCE.—*Personal Injuries.*—*Complaint.*—An allegation in a complaint for personal injuries sustained by falling into a coal hole in a sidewalk that defendant was the owner of the adjacent property, and that the iron cover upon the coal hole had been " so carelessly constructed and fitted upon said coal hole by defendant" that unless the cover was securely fastened it was liable to slip when stepped upon, was equivalent to an averment that the coal hole was placed there by defendant.  *pp. 26, 27.*

SAME.—*Complaint.*—*Presumptions.*—Where it is alleged in a complaint for personal injuries sustained by falling into a coal hole in a sidewalk that defendant was the owner of the property adjacent the coal hole, it will be presumed that he was in control and use of it.  *p. 28.*

COMPLAINT. — *Defective Averment.* — *Special Verdict.*—A defective averment in a complaint for personal injuries sustained by falling into a coal hole in a sidewalk as to the ownership and control thereof is cured by a special finding of such ownership and control.  *p. 28.*

NEGLIGENCE.—*Special Verdict.*—A finding in an action for personal injuries sustained by falling into a coal vault under a sidewalk that defendant had permitted the cover to the coal hole to remain insecurely fastened for several days prior to the injury, and that it was liable to slip when stepped upon, is a sufficient finding of negligence to authorize a recovery by plaintiff.  *pp. 28-33.*

SPECIAL VERDICT.—*Sufficiency.*—When there is but one reasonable inference which can be drawn from the facts specially found, the court must draw that inference.  *p. 33.*

EVIDENCE.—*Sufficiency.*—*Appeal and Error.*—Where there is some evidence to support the verdict, the Appellate Court will not disturb the verdict on the insufficiency of the evidence.  *pp. 33, 34.*

From the Marion Superior.Court.    *Affirmed.*

*J. B. Sherwood,* for appellant.
*Lamb & Hill,* for appellee.

WILEY, J.—Appellee sued appellant for the recovery of damages for injuries alleged to have been sustained by falling into a coal hole in a sidewalk in the city of Indianapolis. The complaint alleges that appellant was the owner of a

business block on the northwest corner of New York and Delaware streets; that Delaware street runs north and south on the east side of said building; that on the west side of said street there was a brick sidewalk fifteen feet wide; that under said sidewalk there was an excavation, called a "coal hole"; that said coal hole was twenty inches in diameter; that over said coal hole an iron cover had been carelessly and negligently placed; that said cover had been so carelessly and negligently constructed and fitted by appellant that, unless the same was securely fastened to prevent it from slipping when stepped upon, it was liable to slip from its place, turn upon its edge, and let the person stepping upon it fall into said coal hole; that she passed over said sidewalk on November 27, 1893; that said cover was not securely fastened down to prevent it from slipping when stepped upon, but was, by appellant, carelessly and negligently suffered and permitted to be and to remain, and had for one week prior thereto been carelessly and negligently suffered and permitted by appellant to be and remain lying loosely on the top of said hole, and not securely fastened; that in passing over said coal hole, and while exercising due care on her part, and without any knowledge that there was any danger to her in stepping upon said cover, appellee stepped on the said cover, when it slipped from its place, turned upon its edge, and let her fall into said hole, to her injury, etc. Appellant demurred to the complaint for want of sufficient facts, which demurrer was overruled. The case was put at issue by an answer in general denial, trial by jury, and a special verdict. The judgment was rendered on the special verdict for appellee. Appellant moved for judgment on the special verdict and for judgment *non obstante veredicto,* and for a new trial, which motions were each overruled, and all these adverse rulings are assigned as errors.

This is the second appeal in this case, *Gaston* v. *Bailey,* 14 Ind. App. 581. The only question decided in the former appeal was that the facts found by the special verdict were

not sufficient to support a judgment in favor of the appellee, and the case was remanded for a new trial.

The first question discussed by appellant is the action of the court in overruling the demurrer to the complaint. It is argued that the complaint is demurrable because there is no averment that appellant placed the coal hole in the sidewalk or that he used it. While the sufficiency of the complaint was not discussed by the court in the former appeal, yet the argument employed in discussing the facts, as found by the special verdict, is of much weight in determining the sufficiency.

In *Faris* v. *Hoberg*, 134 Ind. 269, it was said: "In every case involving actionable negligence, there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by defendant to perform that duty; (3) an injury to the plaintiff from such failure of the defendant. When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders the complaint bad or the evidence insufficient."

It is the settled law in this State that the owner of a lot abutting a public street is the owner of the fee, and entitled to the use of such street to the center thereof, subject only to the easement the public has in the street for travel. *Haslett* v. *New Albany, etc., R. Co.*, 7 Ind. App. 603, and cases there cited. *Gaston* v. *Bailey*, 14 Ind. App. 581; *Huffman* v. *State*, 21 Ind. App. 449, and cases there cited.

In *Gaston* v. *Bailey, supra,* the court said: "The property owner has no right to make said street or sidewalk unsafe for use by the public. When he assumes to make use of his property in conjunction with the public's right to use it also, he must keep and leave it in such condition as to be reasonably safe for travel. If he is negligent and makes pitfalls, or places obstructions therein, and travelers using the street and exercising due care are injured by reason of

Gaston *v.* Bailey.

such obstructions, or pitfalls, he must answer therefor in damages."

By a reference to the complaint, it will be observed that it is charged that appellant was the owner of the building, and that the coal hole was in front of the building, in the sidewalk. It follows, therefore, that he was the owner of that part of the fee embraced by the coal hole, subject only to the rights of the public, and it was his duty to keep the sidewalk in a reasonably safe condition for travel. The complaint avers that the iron cover upon the coal hole had been "so carelessly constructed and fitted upon said coal hole by the defendant" that, unless the cover was securely fastened, it was liable to slip, when stepped upon, etc. True, there is no direct averment that appellant placed the coal hole in the sidewalk, or that he used it; but he is shown to be the owner of the property, and the allegation in the complaint that the cover was so carelessly constructed and fitted upon the coal hole by appellant, we think, was equivalent to saying that the coal hole was placed there by him.

In *Gaston* v. *Bailey, supra,* it was said: "The duty of appellant was, if he used the sidewalk at all, to do so having due regard to the prior or paramount right of the public to use it as a passageway. But the jury did not find either that the appellant put the coal hole or cover in the sidewalk or that he used them. It is true the jury found that he owned them, but that may all be true because inasmuch as he owns the fee of the street he owns all that is permanent upon it, and yet he may not be answerable for what has been placed there. \* \* \* If he did not place the coal hole or cover in the sidewalk, and did not use them or claim the right to maintain them there, it is difficult to see how he should be answerable for their being there. If they were placed there by others without his authority, permission or acquiescence, and after placed there he did not assume control over, or claim any right to their use, or to maintain them there, he was under no obligation to look after them or see that they were reasonably safe."

Appellant urges that ownership is not the criterion of responsibility for negligence in the use of the coal hole, but that control and use of it is. There is some force and merit in the argument, and, while the complaint does not aver that appellant was in control and use of the coal hole, the fact that he was the owner of the property carries with it the presumption that he was in control and use of it. But whether we are right in this or not, the special verdict cures any possible defect in the complaint in this respect. It has been held by the Supreme and this Court that errors in overruling demurrers to pleadings, where there is a special finding or special verdict, are not material, as a correct statement or declaration of the law upon the facts found would correct the error, if any there had been, committed in the rulings upon the demurrers. *Woodward* v. *Mitchell*, 140 Ind. 406; *Pape* v. *Randall*, 18 Ind. App. 53.

Other objections are urged to the complaint, but we do not think they are well taken. Taking the complaint as a whole it occurs to us that it contains the three essential elements constituting actionable negligence, as held in *Faris* v. *Hoberg*, 134 Ind. 269. It was the duty of appellant to protect appellee and other travelers on the street from danger incident to the coal hole, by keeping it and the cover thereto in a reasonably safe condition. It was not reasonably safe, under the allegations of the complaint, or the cover would not have slipped on its edge when stepped upon. The complaint shows that appellant failed to perform that duty, and that an injury resulted to appellee by reason of such failure. Our conclusion is that the complaint was sufficient.

The facts found by the special verdict are substantially as follows: That appellant, at the time of the injury, was in possession and control of the coal vault, hole, and cover, described in the complaint; that said cover was not securely fastened, so it would not slip when stepped upon; that it had been in that condition for about five days; that appellee fell into said coal hole; that her fall was caused by the tipping of

Gaston *v.* Bailey.

the cover on the hole; that when she fell she was walking fast; that she was proceeding carefully; that she had good eyesight; that when she stepped on the cover it was on the hole; that before stepping on said cover, she did not notice it; that at the time she fell she weighed 178½ pounds; that she fell into said hole the full length of her left leg; that by said fall she was injured in the groin, left side, leg, and back; that if she had looked at said cover and hole before stepping thereon, she could not have prevented her falling; that she fell into said hole about 12 o'clock noon; that the cover to said hole was properly constructed, but was not fastened; that the coal hole was properly constructed; that appellant neglected to see that the cover was properly fastened; that appellee took ordinary precautions to prevent her injury; that appellant was the owner of the building or block described in the complaint; that the same was built by him and another person; that appellant had charge and control of said building; that said coal hole led to a vault, which was used in connection with said building; that said vault and hole had been constructed by the owners of the building, when the building was constructed; and that appellee had no knowledge that there was any danger in stepping upon said cover.

Appellant next discusses the sufficiency of the special verdict to support the judgment, and urges that, upon the facts found, the court should have rendered judgment for him. It is the theory of the complaint that appellant maintained a coal vault in the sidewalk; that he made and maintained a coal hole connecting with such vault from the sidewalk, over the vault, and that he placed upon such coal hole a cover which, unless securely fastened, was liable to slip when stepped upon; that he suffered such cover to be and remain in an insecure condition for days; and that such acts constituted actionable negligence to appellee who was injured thereby. It is not necessary that a plaintiff prove every averment charged in his complaint to maintain his action. Two or

more acts of negligence may be charged in a complaint, any one of which might in itself constitute a cause of action, and in such case proof of one of them would entitle him to recover. Here it is charged that the coal vault and the coal hole were improperly constructed, and that the cover to the hole was so constructed that, unless it was securely fastened, it was liable to slip when stepped upon, and that it was not securely fastened. As to the improper construction of the vault and the hole, the jury found against appellee, but as to the cover being insecurely fastened, and that appellant had permitted it to remain in that condition for several days, the jury found against him, and this one fact would constitute actionable negligence, and would authorize a recovery in this case, unless other facts found would defeat such recovery. The special verdict clearly shows that appellee was not negligent in walking over the coal hole. True, the jury found she was walking rapidly, but carefully. One has the right to walk rapidly upon the sidewalks of a city. There was no apparent defect open to her vision. She had the right to assume that the sidewalk over the vault was reasonably safe for travel. The appellant was chargeable with notice of the defect, though latent, if he knew, or might have known by the exercise of reasonable diligence, of the same. When the jury found that the cover to the hole had been left unfastened for five days, and that it was liable to slip unless it was fastened, then appellant was chargeable with the duty of seeing that it was fastened. In the former appeal, this court announced the following proposition of law: "The property owner has no right to make said street or sidewalk unsafe for use by the public. When he assumes to make use of his property in conjunction with the public's right to use it also, he must keep and leave it in such condition as to be reasonably safe for travel. If he is negligent, and makes pitfalls, or places obstructions therein, and travelers using the street, and exercising due care, are injured by such obstructions or pitfalls, he must answer therefor in

Gaston v. Bailey.

damages.  The easement of the public is paramount to the landowner's right to use that part of his lot covered by the street, and his right to use it is subservient to the public's right to pass over it."  In the former appeal the judgment was reversed because the special verdict was defective in not finding a material fact essential to appellee's right to recover. Such defect is expressed in the following language:  "But the jury did not find either that appellant put the coal hole or cover in the sidewalk, or that he used them.  It is true the jury found that he owned them, but that may all be true,—because, inasmuch as he owns the fee of the street, he owns all that is permanent upon it, and yet he may not be answerable for what has been placed there."  Upon the second trial, and in the verdict now before us, the jury found that appellant and one Van Vorhis built the Halcyon Block, described in the complaint; that they also constructed the vault under the sidewalk, and the coal hole leading to it; that they placed the cover over the hole; that appellant was, at the time of the injury, the exclusive owner of the property, and that the property, vault, coal hole, and cover were maintained and controlled by him.  It seems to us that these findings fully cover and embrace the only essential fact omitted from the former verdict, and bring the case within the law as fixed by the former appeal.  If this is true, then the law as announced in the former appeal, right or wrong, is the law, and must control in all subsequent proceedings. While the exact language used in the verdict now being considered is not the same as used by the court in the former appeal, yet we think it is equivalent to it.  This verdict does not, in express terms, say that, speaking of the vault and hole, appellant "used them", yet it does state that he placed them there, that he maintained and controlled them, and that he owned the property.  Taking that portion of the verdict relating to the ownership of the property, the construction of the vault and hole, and by whom the property, including the vault and hole, were maintained and controlled, we think

brings the case clearly within the law as announced in the former appeal.

In Wood's Law of Nuisance, §273, it is said: "Excavations made by authority must be properly guarded, and every means adopted for the protection of the public. So where a person has been authorized to make excavations in a street, by the proper authorities, or to make coal openings or cellar flaps, he is bound at his peril, so far as human foresight can provide against accident, to keep them in a safe condition; to keep them properly guarded; to have them properly constructed and securely fastened; and is liable for all injuries that ensue that could have been prevented by the exercise of the very highest degree of watchfulness and care."

Mr. Thompson in his work on Negligence, Vol. 1, p. 343, §5, says: "So, while an abutting owner is not, in general, liable for failure to repair the sidewalk, yet if he, for his own private convenience, construct a coal hole or other area under it, he must restore it and keep it safe for the public, or pay damages for any injury happening through his failure so to do." Again, on page 343, §6, supra, the same author says: "The Supreme Court of Illinois has laid down a rule which, in practice, would probably work out substantially the same results, namely, that when one enjoys, as a matter of favor, the privilege of using a part of the highway for his private benefits,—as, by constructing a coal cellar under the sidewalk,—he is bound to use extraordinary care to see that no injury results from it to others." *Nelson* v. *Godfrey*, 12 Ill. 20.

Dillon on Munic. Corp. Vol. 2, §554, cites with approval the case of *Nelson* v. *Godfrey, supra.*

To make further quotations from authors and adjudicated cases upon the question we are here considering would be useless, and we simply cite the following: *Silvers* v. *Nerdlinger*, 30 Ind. 53; Shearm. & R. on Neg., note 4 to §361; *Anderson* v. *Dickie*, 1 Robt. (N. Y.), 238; *Dygert* v.

Gaston *v.* Bailey.

*Schenck*, 23 Wend. 446; *Congreve* v. *Smith*, 18 N. Y. 79; *Congreve* v. *Morgan*, 18 N. Y. 84; *Sexton* v. *Zett*, 44 N. Y. 430; *Jennings* v. *Van Schaick*, 108 N. Y. 530, 15 N. E. 424.

Appellant argues that the special verdict is ill, because it does not find that appellee did not contribute to her own injury.   We can not accept this view, for the verdict does find that, while she was walking rapidly, she was proceeding carefully, etc.   It was for the jury to find the facts, and for the court to declare the law upon the facts.   From the facts, the court determined, as a matter of law, that she was without fault or negligence.   Considering all the facts found, if the jury had stated in their verdict that appellee was free from fault or negligence, it would have been a mere conclusion which the court would have to disregard.   Where there is but one reasonable inference which can be drawn from the facts specially found, it is the well settled rule in this State that the court must draw that inference.   *Dull* v. *Cleveland, etc., R. Co.,* 21 Ind. App. 571, and cases there cited.

Two of the reasons assigned by appellant for a new trial were, (1) that the verdict was not sustained by sufficient evidence, and (2) that the verdict was contrary to law.   A determination of the questions thus presented depends upon the evidence.   Appellee contends that the evidence is not in the record, but we think otherwise.   The evidence is voluminous, and any extended reference to it could be but useless.   Upon a careful examination and consideration of it, we are led to the conclusion that, while the evidence is not as clear and convincing as it might be, yet we are inclined to the view that it is sufficient to warrant the jury in finding the material facts as stated in the special verdict.   There is some evidence in the record, together with such reasonable inferences as the jury might draw, to support the verdict, and in such case we can not disturb the judgment on account of

the insufficiency of the evidence. There are some other questions discussed by counsel, but, in our opinion, they are not of sufficient or controlling importance, so as to require a discussion or decision of them here. We do not find any error in the record to warrant a reversal of the judgment. Judgment affirmed.