Cooper vs. The Insurance Company of the State of Pennsylvania.

---

COOPER, Respondent, vs. THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant.

*May 6 — May 21, 1897.*

*Insurance against fire: Conditional ownership of single article: Divisibility of contract: Proofs of loss: Waiver: Verdict.*

1. A policy of insurance which covers generally all the household goods of specified classes belonging to the insured on certain premises, but does not mention any particular article as the one to be protected, and which provides that the entire policy shall be void if the interest of the insured be other than sole and unconditional ownership, is not rendered void as to goods to which the insured's title is absolute by the mere fact that his title to one article thus generally described was conditional, the contract of insurance being to that extent divisible.

2. Unequivocal notification by the adjuster of an insurance company that, whatever the circumstances of the loss, the company declines to pay it, constitutes, as matter of law, a waiver of proofs of loss under the policy.

3. It is not a prejudicial error to take a general verdict in connection with a special verdict, when the special verdict disposes of all the controverted issues.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

This is an action on a fire insurance policy for the loss of household goods. The goods intended to be insured were described in a printed slip, attached to the policy, as follows: " $600.00 on household and kitchen furniture, useful and ornamental, beds and bedding, linen, family wearing apparel, trunks, satchels, printed books and music, musical instruments, sewing machines, pictures, paintings, engravings and their frames at not exceeding cost, plate and plated ware, mirrors, china, glass, and crockery ware, fuel, family stores and supplies,— all and while in the above-described dwelling house." The policy also contained this provision relating to the title to the goods: " This entire policy, unless otherwise provided by indorsements thereon, or added thereto, shall be void . . . if the interest of the insured be other than sole and unconditional ownership." Within the life of the policy, the building in which the goods were kept, and the goods themselves, were destroyed by fire. The defendant denied liability, and action was brought. The defense was that proofs of loss were not furnished, and that the property was incumbered by a chattel mortgage at the time of the loss. There was a special verdict, by which it was found (1) that the chattel mortgage had been paid before the policy was issued; (2) that the plaintiff was not the sole owner of the sewing machine included in the loss; (3) that the defendant's adjuster, at the time when he came to adjust the loss, denied that defendant was liable for the loss; (4) that the adjuster did not object that certain papers handed to him were insufficient proofs of loss; (5) that the plaintiff had not been guilty of fraud or false swearing in reference to his loss; (6 and 7) that certain papers which

Cooper vs. The Insurance Company of the State of Pennsylvania.

were in evidence were delivered by the plaintiff to the adjuster at the time when he came to adjust the loss; (8) that the value of the property totally destroyed was $475; (9 and 10) find generally for the plaintiff, and assess his damages at $500. The defendant's counsel requested the court to submit the further question: " Was it understood and agreed by the plaintiff and defendant's adjuster that any act or statement made by him at the time of his visit to La Crosse should not waive any of the rights of the company under the policy?"—which was refused; and he objected to the submission of a general verdict. Motion for a judgment on the verdict was made by both parties. The court required the plaintiff to remit from the verdict the price of the sewing machine, and gave judgment in his favor for $440, from which the defendant appeals.

*C. L. Hood,* for the appellant.

For the respondent there was a brief by *Higbee & Bunge,* and oral argument by *E. C. Higbee.* To the point that by his contract of sale the plaintiff was the sole and unconditional owner of the sewing machine within the terms of the insurance policy, they cited *Johannes v. Standard Fire Office,* 70 Wis. 196; *Carey v. Liverpool & L. & G. Ins. Co.* 92 id. 538; *Carey v. Allemania F. Ins. Co.* 171 Pa. St. 204; *Loventhal v. Home Ins. Co.* 33 L. R. A. 258; May, Ins. § 287; *North British Ins. Co. v. Freeman,* 33 S. W. Rep. 1091; *Phoenix Ins. Co. v. Lovenz,* 29 N. E. Rep. 604; *Bills v. Hibernia Ins. Co.* 87 Tex. 547; *Caplis v. Am. F. Ins. Co.* 60 Minn. 376.

NEWMAN, J. The bill of exceptions is not certified to contain all the evidence. So there can be no review of the testimony given upon the trial. The special verdict is deemed to be absolute verity.

The issues made by the pleading were three: (1) Whether proofs of loss had been furnished; (2) whether the plaintiff

had been guilty of fraud and false swearing relating to his loss; and (3) whether the insured property was incumbered. Questions covering each of these issues were submitted to the jury, and each was found in favor of the plaintiff. But it appeared incidentally during the trial that among the property destroyed by the fire, and included in plaintiff's claim, was a sewing machine, which the plaintiff held under an executory contract of purchase for the agreed price of $60, on which he had paid $30. The defendant claimed that, the plaintiff's interest in this being other than the sole and unconditional ownership, the whole policy was avoided thereby. The court took the view that this only avoided the policy as to the sewing machine, or, perhaps, that it proved that it was not intended that the policy should cover that machine. The policy did not, in terms, designate any specific articles of property, but described it generally by classes. The policy itself did not designate any particular sewing machine as the one to be protected by its insurance. Doubtless, it was intended to cover any sewing machine at that place of which the plaintiff was the sole and unconditional owner at the time of the loss, and no other. The effect must be that, if the plaintiff's title to this machine was not the sole and unconditional ownership, this machine was not insured by the policy. It could have no effect as to other property of which the plaintiff did have proper title. The property to be covered by the insurance is indeterminate and not specific. It was intended to cover all the property of the classes named of which the plaintiff should be possessed with proper title, at the place designated, at any time during the life of the policy. If some articles of the classes named, which were in plaintiff's possession, should not be his property, it simply was not intended to insure such. That could not affect the contract as to other property in his possession of which he had proper title. The contract, in this sense and to this extent, is certainly divisi-

ble, and was intended to be so. The action of the court, in requiring the remission from the verdict of the value of the machine, removed all ground for. complaint in that regard by the defendant. Whether the plaintiff should have recovered for this item is not involved in this appeal. Certainly, there are many cases cited in the plaintiff's brief which seem to support that contention; and there are some such cases in this court. *Johannes v. Standard Fire Office*, 70 Wis. 196; *Carey v. Liverpool & L. & G. Ins. Co.* 92 Wis. 538. This is the defendant's first alleged error.

His second alleged error is that the evidence shows that no proofs of loss were either furnished or waived. The jury seems to have decided this contention against the defendant, and there certainly was evidence to support the verdict. The point seems to be, not that no proofs were furnished, but that the proofs furnished were insufficient. And it is claimed that further or fuller proofs were waived by the defendant, by the action of the defendant's adjuster in denying all liability of the defendant for the plaintiff's loss. That such denial of liability would, ordinarily, be held a waiver of further or any proofs of loss, seems to be well settled in this state. *Gross v. Milwaukee M. Ins. Co.* 92 Wis. 656, and cases cited. But it is said that it was agreed between the plaintiff and the adjuster that nothing which the adjuster might do or say should be construed as a waiver of any of the defendant's rights. It is said that whether there was a waiver is a question of intention, and should be submitted to the jury. Ordinarily, when the act which constitutes a waiver is intentionally done, and is unequivocal in significance, it is, as matter of law, a waiver, irrespective of the intention of the parties. *Rasmusen v. N. Y. L. Ins. Co.* 91 Wis. 81; *Schultz v. Caledonian Ins. Co.* 94 Wis. 42; May, Ins. (3d ed.), § 508. The adjuster, in effect, gave the plaintiff unequivocal notification that, whatever the circumstances of the loss, the company declined to pay, on the ground that

the policy had never been in force, by reason of the exist-
ence of the mortgage.   It was unequivocal notice that fur-
ther proofs of loss would be useless.   Parties are not re-
quired to do useless things; and the omission to do them
does not prejudice rights.   A waiver was shown by the un-
disputed testimony.  It did not need to be found by the jury.
*Stringham v. Cook,* 75 Wis. 589; *Murphey v. Weil,* 89 Wis.
146.

The defendant also claims error in that the jury was per-
mitted to find a general verdict, in connection with the
special verdict, against its objection.   This court has held
that it is not prejudicial, and so not error, to take a general
verdict in connection with a special verdict, in a case where
the special verdict disposes of all the controverted issues, so
that it does not become necessary to resort to the general
verdict in order to help out the special one.  *Ault v. Wheeler
& W. Mfg. Co.* 54 Wis. 300; *Hoppe v. C., M. & St. P. R.
Co.* 61 Wis. 357.   In such case the general verdict is merely
a correct conclusion of law from the special findings, and
neither benefits nor harms either party.  In the instant case
the special verdict disposed of all the controverted issues
and could not be aided by the general verdict.

No reversible error is found in the record.

*By the Court.—* The judgment of the circuit court is af-
firmed.