## RAY SWALLOW v. FIRST STATE BANK, a Corporation.

### (161 N. W. 207.)

**Special verdict — finding of jury — ultimate conclusions — of fact — not the evidence.**

   1. The finding of a jury in a special verdict should contain only the ultimate conclusions of fact in controversy, and not the evidence to prove them.

**Facts — undisputed evidence — established by — special verdict — need not find.**

   2. A special verdict need not find a fact which is established by undisputed evidence.

**Assignments of error — form of questions — predicated on — instructions — jury — merits.**

   3. It is *held*, for reasons stated in the opinion, that certain assignments of error predicated upon the form of interrogatories and the court's instructions to the jury are without merit.

---

NOTE.—On what is necessary to make a special verdict good or bad, as the case may be, as such, is discussed in a comprehensive note in 24 L.R.A. (N.S.) 1, on what a special verdict must contain.

The effect of unaccepted tender on lien of a mortgage or pledge is taken up in an extensive note in 33 L.R.A. 231. See also notes in 30 Am. St. Rep. 460, and 77 Am. Dec. 470, on sufficiency and effect of tender.

**Tender and deposit — bank — manner of — prescribed by law — effect of — debt — extinguishes — discharge of mortgage — mortgagee — penalty.**

4. The tender and deposit in a bank in the manner provided by law, of the full amount due upon the notes secured by a mortgage, extinguishes the obligation, and entitles the. mortgagor to a certificate of discharge of the mortgage, and renders the mortgagee liable for the penalty prescribed by § 6749, Compiled Laws, for refusing to execute such certificate of discharge.

**Directed verdict — motion for — evidence for jury — properly denied — damages.**

5. A motion for a directed verdict in favor of the defendant for a dismissal of the action is properly denied where there is some evidence from which the jury can make a finding of damages in favor of the plaintiff.

Opinion filed January 16, 1917.

From a judgment of the District Court of Hettinger County, *Crawford,* J., defendant appeals.

Affirmed.

*V. H. Crane,* for appellant.

In a special verdict, the question, "Did the plaintiff make a tender of the full amount due on the note and secured by the mortgage ?"merely calls for a conclusion of law, and not one of fact. Comp. Laws 1913, § 7632; Russell v. Meyer, 7 N. D. 335, 47 L.R.A. 637, 75 N. W. 262; Lathrop v. Fargo-Moorhead Street R. Co. 23 N. D. 246, 136 N. W. 88.

The defendant may at the time of a tender merely object to the form thereof. This is sufficient. Comp. Laws 1913, § 5816.

The statute is not regarded as imposing a fine or forfeiture, but merely as awarding exemplary damages, although they are the same regardless of the amount of the mortgage. 27 Cyc. 1425, § 5; Comp. Laws, § 7145.

The common-law penalty for the tort of refusing to discharge of record a mortgage that has been paid, and the penalties provided by said section, are in lieu of exemplary damages. Swallow v. First State Bank, 28 N. D. 283, 148 N. W. 630; Kronebusch v. Raumin, 6 Dak. 243, 42 N. W. 656; 27 Cyc. 1428; Schumacher v. Falter, 113 Wis. 563, 89 N. W. 485.

Where a case is submitted for a special verdict, general instructions are not proper. Morrison v. Lee, 13 N. D. 591, 102 N. W. 223;

35 N. D.—39.

Lathrop v. Fargo-Moorhead Street R. Co. 23 N. D. 246, 136 N. W. 88.

It is error to inform the jury under what circumstances the plaintiff can or cannot recover. That this is the very thing which the special verdict is intended to prevent is evident from the statute,—the only object of which is to secure from the jury fair and unbiased answers to the questions submitted. Morrison v. Lee, supra, and cases cited; Comp. Laws, § 7632.

The burden of proving tender rests upon the party alleging it. 38 Cyc. 178, D; Pittsburg Plate Glass Co. v. Leary, 25 S. D. 256, 31 L.R.A.(N.S.) 746, 126 N. W. 271, Ann. Cas. 1912B, 928.

To demand a release of satisfaction when the amount is in dispute constitutes a condition. Pittsburg Plate Glass Co. v. Leary, supra; Fields v. Danenhower, 65 Ark. 392, 43 L.R.A. 519, 46 S. W. 938.

*Jacobsen & Murray,* for respondent.

The question of whether or not a tender is made conditionally is for the jury. 38 Cyc. 179; Clementson, Special Verdicts, pp. 191, 192; Geisinger v. Beyl, 80 Wis. 443, 50 N. W. 501; Gerhardt v. Swaty, 57 Wis. 24, 14 N. W. 851.

There is no showing that defendant offered any objections to the form of the questions when they were submitted to the jury. Such objection was waived. Clementson, Special Verdicts, 190, 192, 199; Gerhardt v. Swaty, 57 Wis. 24, 14 N. W. 851; Schultz v. Chicago, M. & St. P. R. Co. 48 Wis. 375, 4 N. W. 399.

Objections to a tender in payment should be made at the time of the tender, and it should be made clear to the party making the tender the reasons why it is refused. Kofoed v. Gordon, 122 Cal. 314, 54 Pac. 1115.

A party cannot remain silent when a tender is made to him and thereafter offer objections. Oakland Bank of Savings v. Applegarth, 67 Cal. 86, 7 Pac. 139, 476; Gauche v. Milbrath, 94 Wis. 674, 69 N. W. 999.

It is not necessary for the court to submit to the jury questions as to matters upon which the evidence is undisputed. Clementson, Special Verdicts, p. 194; Haley v. Jump River Lumber Co. 81 Wis. 412, 51 N. W. 321, 956; Russell v. Meyer, 7 N. D. 335, 47 L.R.A. 637, 75 N. W. 262.

All objections to an offer of payment of money are waived, if the grounds therefor are not stated at the time of the offer. Kofoed v. Gordon, 122 Cal. 314, 54 Pac. 1115; Kronebusch v. Raumin, 6 Dak. 243, 42 N. W. 656.

The refusal need not be malicious in order to entitle plaintiff to recover. Swallow v. First State Bank, 28 N. D. 283, 148 N. W. 630.

This action is not dependent upon the statute. If plaintiff has sustained damages, he may recover them. Greenberg v. Union Nat. Bank, 5 N. D. 483, 67 N. W. 597.

"When a special verdict is required, courts should not charge the jury on the general law of the case, further than is necessary to assist in answering each question propounded." Lathrop v. Fargo-Moorhead Street R. Co. 23 N. D. 246, 136 N. W. 88; Clementson, Special Verdicts, p. 259; Baumann v. C. Reiss Coal Co. 118 Wis. 330, 95 N. W. 139.

"Judgments will not be reversed notwithstanding an erroneous instruction, if, from the jury's findings, it affirmatively appears that the verdict was not reached upon the facts to which the instruction applied, or that the instruction was without influence." Clementson, Special Verdicts, p. 95; Elwood v. Saterlie, 68 Minn. 173, 71 N. W. 13; Brasen v. Seattle, L. S. & E. R. Co. 4 Wash. 754, 31 Pac. 34; Ft. Scott, W. & W. R. Co. v. Jones, 48 Kan. 51, 28 Pac. 978.

Defendant refused to satisfy the mortgage on demand. Plaintiff was entitled to damages. Kronebusch v. Raumin, 6 Dak. 243, 42 N. W. 657.

An honest attempt to pay up a mortgage before foreclosure proceedings are started prevents the accrual of attorney's fees. Castle v. Castle, 78 Mich. 298, 44 N. W. 378; 11 Cyc. 77.

Civil actions in this state are commenced by the service, not the issuance, of a summons. Comp. Laws 1913, § 7420.

No attorney's affidavit was filed. This is a condition precedent to the taxation of attorney's fees in foreclosure. Comp. Laws 1913, § 7792; Hedlin v. Lee, 21 N. D. 495, 131 N. W. 390.

The supreme court cannot exercise the functions of the jury. If a verdict is based upon substantial evidence, the findings of the jury are conclusive upon this court. N. D. Const. art. 86.

Insufficiency of the evidence to justify the verdict, and excessive dam-

ages appearing to have been given under the influence of passion and prejudice, are separate grounds for a new trial. Comp. Laws 1913, § 7660; Swett v. Gray, 141 Cal. 63, 74 Pac. 439.

The strength of a motion for a directed verdict is measured by the horizon of its specification of particulars. The law reasons must be given and stated. Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366, 155 N. W. 861; Kolka v. Jones, 6 N. D. 461, 66 Am. St. Rep. 615, 71 N. W. 559; Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747.

This is due to the court, to enable it to understand and pass upon the motion, and it is due to counsel that he may, if possible, supply the defect or correct the situation, if permitted by the court. Hanson v. Lindstrom, 15 N. D. 584, 108 N. W. 799; Minder & J. Land Co. v. Brustuen, 31 S. D. 211, 140 N. W. 251; Yaeger v. South Dakota, C. R. Co. 31 S. D. 304, 140 N. W. 690; Davis v. C. & J. Michel Brewing Co. 31 S. D. 284, 140 N. W. 695.

Incompetent evidence must be shut out at the time it is offered and it is too late to raise the question on motion for a new trial. McLain v. Nurnberg, 16 N. D. 145, 112 N. W. 243.

Where a specification fails to point out any elements of damages which the evidence fails to show, it is too general. Drake v. Great Northern R. Co. 24 S. D. 19, 123 N. W. 82; Anthony v. Jillson, 83 Cal. 296, 23 Pac. 419, 16 Mor. Min. Rep. 26; Pritchard Rice Mill. Co. v. Jones, — Tex. Civ. App. —, 140 S. W. 817; Cummings v. Ross, 90 Cal. 68, 27 Pac. 62; Dawson v. Schloss, 93 Cal. 194, 29 Pac. 31; Menk v. Home Ins. Co. 76 Cal. 50, 9 Am. St. Rep. 158, 14 Pac. 837, 18 Pac. 117; Updegraff v. Tucker, 24 Cal. 171, 139 N. W. 366; Taylor v. Bell, 128 Cal. 306, 60 Pac. 853; Haight v. Tryon, 112 Cal. 4, 44 Pac. 318; Jackson v. Ellerson, 15 N. D. 533, 108 N. W. 241; King v. Lincoln, 26 Mont. 157, 66 Pac. 836.

A mortgage or holder of a mortgage upon payment, or proper tender of payment, must immediately satisfy or release the same upon demand, or suffer damages. Hall v. Hurd, 40 Kan. 740, 21 Pac. 585.

CHRISTIANSON, J. This is an action to recover the penalties allowed under the statute for, and the actual damages which plaintiff asserts that he has sustained by, defendant's refusal and neglect to satisfy two

certain mortgages upon chattels and real estate. Upon the demand of the defendant, the case was submitted to a jury for a special verdict. Judgment was ordered and entered against defendant upon such special verdict, and this appeal is from such judgment.

Plaintiff's complaint originally set forth five different causes of action,—two causes of action for the statutory penalties and the actual damages alleged to have been sustained by the plaintiff on account of defendant's failure and refusal to satisfy a chattel and a real estate mortgage; and three causes of action for damages alleged to have been sustained by the plaintiff by reason of defendant's failure to make a certain real estate loan to the plaintiff. At the close of plaintiff's case in chief, the trial court, upon defendant's motion, directed a verdict in defendant's favor upon the latter three causes, and the only matters submitted to the jury were the causes of action based upon defendant's alleged failure to satisfy the chattel and real estate mortgages. These causes involved two elements: (1) The statutory penalty prescribed by § 6749; and (2) the actual damages alleged to have been sustained by the plaintiff by defendant's wrongful act in refusing to satisfy such mortgages.

Plaintiff's complaint alleges that plaintiff, on March 23, 1912, tendered to the defendant the full amount of the principal and interest due on the indebtedness secured by the two mortgages involved herein; that such tender was refused, and that thereupon plaintiff immediately deposited the amount so tendered in the name of the defendant in a bank of good repute within this state, and served notice of such tender and deposit upon the defendant; that thereafter plaintiff presented to the defendant releases of such mortgages for execution, and offered to pay the notarial fees for the proper acknowledgment thereof, but that defendant refused to execute such releases, or in any manner release such mortgages.

The defendant, in its answer, admits that it held the two mortgages against the defendant, but asserts that the mortgages provided for the payment of a statutory attorney's fee in case of foreclosure, and that, prior to the time of the tender by the plaintiff, the defendant had delivered such mortgages to its attorneys with instructions to foreclose the same, and that consequently an attorney fee of $25, stipulated for in the

mortgages had become due and payable as a part of the amount secured thereby.

The uncontroverted evidence shows that on March 28, 1912, plaintiff's attorney (Murray), called Orr, the cashier of the defendant bank, on the telephone three different times regarding the Swallow notes and mortgages. And while Murray and Orr differ somewhat as to the time of the day when these telephone conversations took place and the exact language used, they both agree that the conversations related to, and that Murray sought to ascertain, the amount due on these mortgages. They also agree that in the first conversation Orr stated that he was busy right then, but would answer later; that in the second conversation, Orr stated that he was still busy, and wanted some more time; and that in the third and last conversation, Orr told Murray to go and see his attorneys, Crane & Stone, as he had placed the mortgages with them for foreclosure. The uncontroverted evidence further shows that shortly after the conclusion of the third telephone conversation, Murray tendered to the defendant bank $845.80, the full amount then due for principal and interest upon the mortgages; that such tender was refused, and that thereupon Murray, as Swallow's attorney, deposited such moneys to the credit of the defendant, in the First National Bank of Mott, and forthwith caused written notice of such deposit to be served upon the defendant. Orr claimed he had delivered the mortgage against Swallow to attorneys Crane & Stone for foreclosure, before the tender was made, and before any of the telephone conversations were had, and that consequently the attorney's fees allowed by law for foreclosure had accrued, and the amount tendered was insufficient. He further claimed that the tender was not unconditional, but that Murray requested not only satisfaction of the two mortgages, but also the execution of a quitclaim deed for the purpose of releasing a certain loan application which had been recorded against the land. The testimony of Murray, and one Little, who was present at the time the tender was made, is, however, to the effect that the tender was absolute and unconditional. Little says that Murray made the tender in these words: "I hand you this money to pay the Ray Swallow real estate and chattel mortgages."

Appellant's first assignment of error is predicated upon a ruling and certain remarks made by the court during the cross-examination of plaintiff's witness Murray.

The record on which this assignment is based is as follows:—

Q. How long, Mr. Murray, were you over there in the bank?

A. About five or ten minutes, about five minutes.

The Court: The court don't hardly see the purpose.

Mr. Crane: Well, it is a question of good faith.

The Court: A tender is a tender whether it is good faith or bad faith.

Mr. Murray: At this time the plaintiff objects to any further testimony as to the hour of making the tender, as same is incompetent and immaterial, not within the issues.

The Court: I think they have a right to set the hour, but to go into all these details the court don't think it cuts any figure. Objection sustained.

No complaint is made on the ground that the court erred in its statement of the law, but the specific objection urged in appellant's brief is that the remarks of the court were prejudicial, "because the jury might infer that the good faith to which Mr. Crane referred had reference to the tender, as the remark suggests." It is difficult to understand how any person could possibly construe Mr. Crane's remarks in any other manner than they were construed by the court. If the court misunderstood him, or rather if Mr. Crane did not intend to say what his language clearly indicated that he intended to say, it was certainly his duty to correct the erroneous impression which his remark had created. In this case the jury was required to make findings upon certain specific questions of fact, and we are wholly unable to see wherein the remarks could have influenced the jury in arriving at such findings.

Among others, the court submitted the following question to the jury: "Did the plaintiff make a full and unconditional tender to the defendant of the amount due on the note secured by the mortgages described in the complaint?" It is asserted that this question is improper in this that it calls for a conclusion of law, and not of fact. By a special verdict a jury should find only the ultimate facts in controversy. The findings should contain only the conclusions of fact, and not the evidence to prove them. Russell v. Meyer, 7 N. D. 339, 47 L.R.A. 637, 75 N. W. 262. No objection was made to this form of the question. The court fully instructed the jury with respect to the matter referred to in this ques-

tion, and we are agreed that no error was committed in the submission thereof to the jury.

Appellant also asserts that the question was incomplete in this that it did not require the jury to make a finding as to whether the tender had been kept good by a subsequent deposit in a bank of good repute. This objection is wholly without merit because the undisputed evidence shows that the money tendered was deposited immediately after the tender had been refused, and that notice of such deposit was served upon the defendant, and that the defendant subsequently received the money from the bank, where it had been deposited. A special verdict should cover only the ultimate facts in controversy. And such verdict need not find a fact which is established by undisputed evidence. 38 Cyc. 1924; Cooper v. Insurance Co. of Pa. 96 Wis. 362, 71 N. W. 606; Salzer v. Milwaukee, 97 Wis. 471, 73 N. W. 20. See also Russell v. Meyer, supra.

The defendant also asserts that the court erred in submitting to the jury the following question: "Did the defendant in good faith demand the payment of the attorney fee for the foreclosure of the mortgage at the time of the tender, and was such tender refused on that ground?" The complaint is that the question embraces two propositions,—good faith of the demand and the ground of the refusal.

It is true that a question for a special verdict should be plain, single, and direct. And questions framed in the disjunctive or alternative have been criticized for the reason that they introduce an element of uncertainty into the verdict. See Geisinger v. Beyl, 80 Wis. 443, 50 N. W. 502. A question formed in the conjunctive does not, however, introduce the same element of uncertainty into the findings as a question formed in the alternative or disjunctive. In the case of a disjunctive question a categorical answer may apply to either one of the two alternatives presented by the question, and consequently an element of uncertainty frequently arises. In the case of a conjunctive question (while we do not necessarily approve of the form of the question under consideration) a categorical answer will either affirm or negative both, or all, propositions submitted in the question.

The defendant in no manner challenged the sufficiency or propriety of either the question or the answer thereto in the trial court. The

objection is first urged on appeal to this court. Under the testimony of Orr, the cashier of the defendant bank, we are unable to see how defendant could possibly have been prejudiced or denied a fair trial by reason of the form of the question.

Error is also assigned upon the submission of the following question: "Did the defendant execute a power of attorney and deliver the same to its attorneys prior to the time of the tender, if any was made?" The jury answered this question in the negative. Defendant asserts that this question was immaterial under the court's instructions. Admitting this to be so, no reversible error was committed, as a verdict is not invalidated because the jury makes findings on immaterial matters, where such findings in no way qualify, limit, or affect the findings upon the material questions. Guild v. More, 32 N. D. 474, 155 N. W. 44.

In its instructions to the jury with respect to the first interrogatory (the interrogatory regarding tender) the court said in part: "If you believe from the evidence that an unconditional tender was made of the full amount due under the mortgage, then your verdict should be in favor of the *plaintiff,* and if there was a conditional tender only then that is not sufficient, *then your verdict should be for the defendant.*" The words which are italicized are claimed to be especially objectionable. As the language shows, this instruction related solely to the question of tender. Upon this question there was a square conflict in the evidence. In fact this constituted the principal question in dispute between the parties upon the trial. The jurors could not possibly have misunderstood the contentions of the parties. If possessed of any intelligence whatever they must have known that the plaintiff claimed that he made an unconditional tender, while the defendant claimed that the tender was conditional. Intelligent men must have known whether their answer to this question was a "verdict" or finding in favor of the contention of the plaintiff or in favor of the contention of the defendant. The instruction could not possibly be prejudicial.

It is also asserted that the court erred in instructing the jury that the mere execution and delivery of a power of attorney in a mortgage foreclosure is not sufficient to attach the statutory attorney's fee for foreclosure. As already stated, the jury found that the power of attorney had not been delivered when the tender was made. In view of this finding it is immaterial whether the instruction is correct or not. This

judgment rests on the facts found by the jury, and the conclusions of law drawn therefrom by the court. Comp. Laws § 7632. We doubt the propriety of this instruction, but we can conceive of no way in which defendant could have been prejudiced thereby.

It is also asserted that the evidence is insufficient to sustain the verdict. This assignment is based upon the court's ruling in denying defendant's motion for a directed verdict.

Appellant contends that plaintiffs failed to prove by "full, clear, and satisfactory" evidence an unconditional tender. As we have already stated, the evidence on this issue was in conflict. The weight of the evidence and credibility of witnesses was for the jury, and its findings are binding on this court. Erickson v. Wiper, 33 N. D. 193, 157 N. W. 603.

Appellant further contends that there was no competent evidence of damages. In so far as the penalties claimed for failure to release the mortgages are concerned, no evidence of damages was required. The tender and deposit in the manner provided by law of the full amount due upon the note secured by the mortgages extinguished the obligation (Comp. Laws, §§ 5800, 5815, 5819; Brown v. Smith, 13 N. D. 580, 102 N. W. 171) and entitled the mortgagor to a satisfaction of the mortgages. Kronebusch v. Raumin, 6 Dak. 243, 42 N. W. 656. Under the facts as found by the jury the defendant refused to satisfy the mortgages upon plaintiff's demand, although the debt secured thereby had been fully paid, and such refusal was based upon an alleged ground which the jury said did not exist. Defendant admits that some actual damages were proved. Consequently, the court properly refused to direct a verdict in favor of the defendant for a dismissal of the action. Erickson v. Wiper, supra. It is asserted, however, that the damages found are excessive. This would constitute a proper ground for a new trial. Comp. Laws 1913, § 7660. In this case no such motion was made, nor did defendant in any manner challenge the verdict in the court below. Consequently, the finding is binding upon him in this court. See Guild v. More, 32 N. D. 475, 155 N. W. 44; Erickson v. Wiper, supra; 38 Cyc. 1931, see also Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366, 155 N. W. 861.

The questions of fact in this case were submitted to a jury, and the facts found by the jury entitled plaintiff to the judgment rendered. A

former jury, also, found against defendant upon the facts, but a new trial was ordered for error in the instructions. See Swallow v. First State Bank, 28 N. D. 283, 148 N. W. 630.

We find no error justifying us in ordering a new trial. Consequently the judgment must be affirmed. It is so ordered.