(102 N. W. 164.)

---

JAMES T. MORRISON v. P. P. LEE.

Opinion filed December 21, 1904.

**General and Special Verdict.**

1. In returning a general verdict, the jury apply the law to the facts, and pronounce generally upon all of the issues. In a special verdict they "find the facts only," and the trial judge determines their legal effect.

**Instruction Should Be Appropriate to the Character of the Verdict Required — Legal Conclusions in Verdict.**

2. Where a case is submitted for a special verdict; general instructions are not proper. The jury should only be given instructions which are appropriate to the question which they are to answer, and it is error to inform them as to the effect their answers will have upon

the ultimate rights of the parties, or to authorize them to answer in the form of a legal conclusion.

## General Instructions — Special Verdict.

3. In an action tried as one to recover for an injury resulting from defendant's negligence, the jury were given general instructions; and, as part of their special verdict, they were instructed to answer whether the plaintiff "was guilty of such contributory negligence as would bar him from recovery under the law as laid down in the instructions." *Held* error.

## Complaint Construed.

4. Complaint construed, and *held* to charge an intentional injury, and not an injury resulting from negligence.

Appeal from District Court, Ward county; *Palda, Jr.*, J.

Action by James T. Morrison against P. P. Lee. Judgment for plaintiff; defendant appeals.

Reversed.

*James Johnson* and *Guy C. H. Corliss,* for appellant.

Respondent cannot recover under chapter 128, Laws of 1901, as the statutory elements, viz: knowingly selling illuminating oil below 105 degrees Fahrenheit, are not set forth in the complaint, or proven. And further, the party predicating his recovery upon a statutory duty must show that the violation thereof was the proximate cause of his injury. 21 Am. & Eng. Enc. Law, 480; 1 Sher. & Redf. on Negligence, section 27; Stone v. Boston & A. R. Co., 51 N. E. 1.

If the case is one of negligence, the burden is on plaintiff to show not only defendant's negligence but that it was the proximate cause of his injuries. Elliott v. Allegheny, etc., Co., 54 Atl. 278; Afflick v. Bates, 43 Atl. 539; The Saratoga ———, 36 C. C. A. 208; Loftus v. Dehail, 65 Pac. 379; Rider v. Syracuse Rapid Transit Co., 63 N. E. 836.

The sale of the oil with gasoline in it was not the proximate cause of plaintiff's injuries. 1 Sher. & Redf. on Negligence, section 26; 1 Thomp. on Neg. sections 44, 45; 21 Am. & Eng. Enc. Law, 483, 485; 1 Sher. & Redf. on Neg. section 28; 21 Am. & Eng. Enc. Law, 489; 1. Thompson on Neg. section 57; Stone v. Boston & A. R. Co., 51 N. E. 1; Deisenreiter v. Kraus-Merkel Malting Co., 72 N. W. 735; Georgia Southern & Florida Ry. Co. v. Cartledge, 59 L. R. A. 118.

Whether the plaintiff was negligent, and whether his negligence was the proximate cause of his injury, or contributed proximately

to it, is a question for the court where the facts are undisputed, and different inferences cannot be drawn. 21 Am. & Eng. Enc. Law, 509; Campbell v. Abbott, 57 N. E. 462; Neylon v. Phillips, 60 N. E. 616; Schneider v. Chicago, M. & St. P. Ry. Co., 75 N. W. 169; Piper v. N. Y., C. & H. Ry Co., 50 N. E. 851; Brugher v. Buchtenkirch, 60 N. E. 420; Rider v. Syracuse Rapid Transit Co., 63 N. E. 836; Daley v. Kinsman, 65 N. E. 385; Ramsey v. Eddy & Sons, 82 N. W. 127; Gleason v. Boehm, 34 Atl. 886; Price v. Standard Life & Accident Ins. Co., 99 N. W. 887; Tuttle v. Travelers Ins. Co., 134 Mass. 175, 45 Am. Rep. 316; Shevlin v. American Mut. Acc. Ass'n, 68 N. W. 866, 36 L. R. A. 52; Cleveland, etc., Ry. Co. v. Ballentine, 84 Fed. 935.

If pouring explosive oil upon fire was negligence in fact, it was the proximate cause of the injury. Holmes v. South. Pac. Coast Ry. Co., 97 Cal. 161, 31 Pac. 834; Phinney v. Illinois Cent. Ry. Co., 98 N. W. 358; Louisiana Mut. Ins. Co. v. Tweed, 7 Wall. 44, 19 L. Ed. 65.

It is sufficient if the plaintiff's negligence was one of the proximate causes of the injury. Hickman v. Evanson, 7 N. D. 173, 73 N. W. 427; Beach Con. Neg. section 26; 1 Sher. & Redf. on Neg. section 96; 7 Am. & Eng. Enc. Law, 383; Schneider v. Chicago, etc., Ry. Co., 75 N. W. 169; Deisenreiter v. Krans-Merkel M. Co., 72 N. W. 735; Ward v. Chicago, M. & St. P. Ry. Co., 78 N. W. 442; Meyer v. Milwaukee Electric Ry. & Light Co., 93 N. W. 6; Mauch v. City of Hartford, 87 N. W. 816.

Under section 5445, Rev. Codes 1899, a special verdict was demanded and the demand complied with by the court. The object of this statute is, that the jury shall not determine through sympathy or prejudice in whose favor they wish to decide the case, and then, without reference to the rules of law or the facts, render such a general verdict. This object is thwarted, if the jury are allowed to see by the instructions of the court, or the form of the questions put, what legal bearing answers to specific questions will have upon the ultimate and general question of the defendant's liability. Yerkes v. Northern Pac. Ry. Co., 88 N. W. 33; Ward v. Chicago, M. & St. P. Ry. Co., 78 N. W. 442; Coats v. Town of Stanton, 62 N. W. 619; Musbach v. Wisconsin Chair Co., 84 N. W. 36; Baxter v. Chicago & N. W. Ry. Co., 80 N. W. 644; New Home Sewing M. Co. v. Simon, 80 N. W. 71; Mauch v. City of Hartford, 87 N. W. 816; Sladky v. Marinette Lumber Co., 83 N. W. 514.

The submission of general propositions of law, suitable only to a general verdict, tends to defeat the purposes of the law. Baxter v. Chicago & N. W. Ry. Co., 80 N. W. 644; New Home Sewing M. Co. v. Simon, 80 N. W. 71; Crause v. Chicago & N. W. Ry. Co., 78 N. W. 446; Musbach v. Wisconsin Chair Co., 84 N. W. 36; Byington v. City of Merrill, 88 N. W. 26; Cullen v. Hanisch, 89 N. W. 900.

*LeSueur & Bradford,* for respondent.

Plaintiff's theory is, that the statutes of this state forbid the sale of kerosene oil that will flash at a less temperature than 120 degrees Fahrenheit, also the sale of oil uninspected. The plaintiff in purchasing this oil of defendant entered into a contractual relation. The inspection laws of the state entered into their agreement. The defendant having failed to keep his agreement with plaintiff is liable in damages for a sum sufficient to compensate the latter for the damage sustained by the tortious breach of such contractual relation, provided such breach was the proximate cause of the injuries sustained by the plaintiff. If the statute fails to furnish a remedy, the common law will. Cooley on Torts, section 657.

The handling of explosives is akin to the handling of deadly poison, and the same degree of care is required. Sherman & Redfield on Negligence, section 592; Thomas v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455.

It is not contributory negligence if the plaintiff has merely not anticipated defendant's negligence. Robinson v. Western Pac. Ry. Co., 48 Cal. 409; Shea v. Potrero Bay View Ry. Co., 44 Cal. 414; Battishill v. Humphreys, 38 N. W. 581; Thurman v. Louisville & N. Ry. Co., 34 S. W. 893; Chicago, St. Louis & P. Ry. Co. v. Bills, 20 N. E. 775; Beach on Contributory Negligence, section 22; Bennett v. N. P. Ry. Co., 3 N. D. 91, 54 N. W. 314; Central R. R. & Banking Co. v. Newman, 21 S. E. 219.

Negligence, as an almost universal rule, is a mixed question of law and fact, and when the facts are doubtful in any degree they should be submitted to the jury. Fernandes v. Sacramento City Ry. Co., 52 Cal. 45; Wellington v. Dosner Kerosene Oil Co., 104 Mass. 64; Fuchs v. St. Louis, 34 L. R. A. 118; Willy v. Mulledy, 78 N. Y. 310, 34 Am. Rep. 536.

And this is true of contributory negligence. Contributory negligence is not a defense, where the defendant was charged with a statutory duty which plaintiff had a right to presume he had

observed. Willy v. Mulledy, 78 N. Y. 310, 34 Am. Rep. 536; Hourigan v. Nowell, 110 Mass. 470; 1 Thompson on Negligence, section 8.

What is proximate cause of injury is usually a question for the jury. Denver T. & G. Ry. Co. v. Robbins, 30 Pac. 261; Siemers v. Iesen, 54 Cal. 418; Clements v. Louisiana Electric Light Co., 16 L. R. A. 43.; Osborne v. McMasters, 41 N. W. 543; Tobey v. Burlington, C. R. & N. Ry. Co., 33 L. R. A. 496.

Wanton recklessness or a grossly careless disregard of the safety and welfare of the public or the rights of others is equivalent to an intentional violation of such rights. 1 Thompson on Negligence, section 20; Ives v. Welden, 54 L. R. A. 854; Hartlove v. Fox & Son, 24 L. R. A. 679; East St. Louis Connecting Ry. Co. v. O'Hara, 37 N. E. 917; 1 Thompson on Negligence, section 45; Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427; 1 Thompson on Negligence, sections 46, 48, 208, 239; Denver & R. G. Ry. Co. v. Spencer, 52 Pac. 211; Kansas Pac. Ry. Co. v. Whipple, 18 Pac. 730; Texas & Pacific Ry. Co. v. Carlin, 60 L. R. A. 462.

YOUNG, J. This is an action to recover damages for personal injuries suffered by the plaintiff through an explosion of oil which he alleges he purchased from the defendant as kerosene, but which he claims was a mixture of kerosene and gasoline. Upon the demand of the defendant, the trial court submitted the case to the jury for a special verdict. The special verdict consists of eleven questions prepared by the court, and each question was answered by the jury. Upon the return of the special verdict, both parties moved for judgment. The defendant's motion was denied, and that of the plaintiff was granted, and judgment entered in his favor for the sum of $4,750 and costs. Defendant moved for a new trial. This motion was denied. Defendant appeals.

Upon the motion for new trial, the defendant attacked the sufficiency of the evidence to justify the verdict, and also specified a large number of alleged errors in the admission and exclusion of evidence and in the instructions, and all of them are urged as grounds for reversal upon this appeal. It will be necessary to a proper understanding of the questions involved to set out the complaint and answer, and also the special verdict upon which the judgment rests.

The complaint alleges:

"(1) That the defendant is * * * engaged in selling * * * oils commonly called 'kerosene' and 'gasoline' for domestic use and consumption. * * *

"(2) That between the 20th day of November, 1902, and the 2d day of December, 1902, the defendant * * * did, by his employes, * * * falsely, maliciously and with intent to endanger the life and property of plaintiff, sell to plaintiff as and for kerosene and representing the same to be kerosene, and upon plaintiff's request for kerosene, one gallon of a mixture of kerosene and gasoline, to be used for domestic use and consumption by plaintiff, as defendant well knew; that such mixture was explosive and dangerous.

"(3) That * * * the defendant and his employes, wilfully and with gross negligence, and with intent to endanger the life and property of plaintiff herein, neglected to inform the plaintiff that the mixture sold and represented as aforesaid was of a highly dangerous and explosive character, as the defendant well knew.

"(4) That on the 2d day of December, 1902, the plaintiff, relying upon said representations, * * * attempted to use the said mixture as and for kerosene, in a careful and usual manner, whereupon said mixture * * * exploded with great force and violence.

"(5) That the plaintiff was by said explosion greatly injured in body, and bruised and burned, and permanently injured and disabled from carrying on his * * * usual trade and vocation of painting, and the plaintiff suffered great physical and mental anguish, from which said injury he is informed and believes he will never recover, to his damage in the sum of $13,000.

"(6) That by reason of said physical injury * * * the plaintiff has been caused great financial loss and damage, by reason of the loss of time and expenses for necessary medicine, and attendance of a physician, to his further damage in the sum of $2,000."

The answer admits the allegations in paragraph 1, and denies all other allegations of the complaint, and alleges that if there was an explosion, and if the plaintiff was injured thereby, it was through his own carelessness and negligence.

The questions and answers which comprise the special verdict are as follows:

"(1) Was the plaintiff, James T. Morrison, injured by any explosion, and while pouring certain oil into a stove in which there was a fire, on December 2, 1902? Yes.

"(2) Did P. P. Lee [defendant] himself, or by or through his servants or agents or clerks, acting within the scope of their employment, sell oil to said Morrison, by which the explosion was caused? Yes.

"(3) Was the oil so sold, if sold at all, adulterated by being mixed with gasoline or paraffine, or other substance, so as to make the same unsafe for use? Yes.

"(4) If you find that the oil was sold by P. P. Lee or his agents, and was adulterated so as to make it dangerous to use, did defendant, P. P. Lee, or his agents or employes, know of such adulteration and mixture prior to the sale? Yes.

"(5) If the defendant, P. P. Lee, either in person or by or through his agents, did make such sale, but did not, either personally or by his agents, know of such adulteration, if any, or did not know the oil was dangerous to use, was he guilty of negligence; that is, was he negligent in the manner in which he handled his oils for sale to the public? Yes.

"(6) Did the plaintiff get some of the mixed or adulterated oil from the defendant, P. P. Lee, or his agents, if any such mixed or adulterated oil has been proven? Yes.

"(7) If the plaintiff did get some of the mixed or adulterated oil from the defendant—either from him personally or from his agents —was it that oil which he so got that exploded and caused the injuries to him, if any injuries have been shown? Yes.

"(8) Was the sale of the oil by the defendant or any of his agents or employes—if such sale has been shown—to the plaintiff, Morrison, the proximate cause of the injuries sustained by him, if any injuries have been shown? Yes.

"(9) Was Morrison, in the use of this oil, if any is shown, that he got there from the defendant or his agents, if he got any from him, guilty of such contributory negligence as would bar him from recovery under the law as laid down in the instructions? No.

"(10) Did plaintiff sustain any damage by injuries from the explosion on December 2, 1902? Yes.

"(11) If he did sustain damages, what was the amount of the same? $4,750."

The trial court instructed the jury generally as to the law of the case, and particularly as to the law of negligence, contributory negligence, proximate, remote and intervening causes, and then submitted to them the questions above set out, with instructions as to

each question. Chief among the errors assigned upon the instructions—and it is the only one we need consider—is that given in submitting the ninth interrogatory: "The next interrogatory or finding is: 'Was Morrison, in the use of this oil, if it is shown that he got any such oil from the defendant or any of his agents, guilty of such contributory negligence as would bar him from recovery under the law as laid down in the instructions?' That is, if you find that Morrison, the plaintiff in this action, was guilty of such contributory negligence as, under the law, would bar him from recovery in this action, and guided by the instructions as given you, you will answer that, or make that finding, 'Yes.' If you find that he was not guilty of such contributory negligence as has been defined to you, you will make that answer, 'No.'" Counsel for appellant contend that this instruction is erroneous, and that the form of the question contained in it is improper, for the reason that it informed the jury of the legal effect of their answer upon the plaintiff's right of recovery, and authorized them to return a legal conclusion, thereby depriving the plaintiff of his statutory right to their findings upon facts only. In our opinion, the contention is sound and the error fatal. In giving this instruction, the trial court entirely ignored the important restriction which is placed upon the functions of the jury in reference to special verdicts. Section 5444, Rev. Codes 1899, reads as follows: "The verdict of a jury is either general or special: (1) A general verdict is that by which they pronounce generally upon all or any of the issues either in favor of the plaintiff or defendant; and (2) a special verdict is that by which the jury finds the facts alone, leaving the judgment to the court. The special verdict must present the conclusions of fact as established by the evidence and not the evidence to prove them; and these conclusions of fact must be so presented that nothing shall remain to the court but to draw from them conclusions of law." The distinction in the duty of the jury in reference to the two kinds of verdicts is plainly declared. In returning a general verdict, the jury "pronounce generally upon all or any of the issues either in favor of the plaintiff or defendant," while in a special verdict "the jury find the facts only," leaving the ultimate decision upon those facts to the court. In the former case the jury apply the law to the facts; in the latter, they "find the facts only," and the trial judge applies the law. It is at once apparent that general instructions as to the law of the case which would be proper in case of a general verdict should

not be given when a case is submitted for a special verdict. The object of the law is to secure fair and impartial answers to the questions submitted, "free from bias or prejudice in favor of either party or in favor of a particular result." The jury should not, therefore, be informed, either by the instructions or by the form of the questions, how any particular answer will affect the case, or what judgment will follow in consequence of it, "for to impart such information would almost necessarily defeat the object intended to be secured by a special verdict." And for this reason it is error to inform the jury under what circumstances the plaintiff can or cannot recover. "That this is the very thing which the special verdict is intended to prevent is evident from the law itself. The special verdict was expressly intended to submit to the jury for answer certain questions of fact, which they are to answer from the evidence, guided by instructions appropriate to the questions only, without regard to the legal effect of their answers upon the ultimate question of the rights of the parties. Thus it was expected and intended to relieve the jury from all consideration as to whether their answers are consistent with a general recovery by either party, and thus to obtain a result, as far as possible, free from sympathy or prejudice. * * * Properly used, it secures to parties a valuable right, and it should be carried out by the courts in such manner as to effectuate its purpose if possible." Ward v. C., M. & St. P. Ry. Co. (Wis.) 78 N. W. 442. The supreme court of Wisconsin, in passing upon this question under a statute like our own, has repeatedly held that a general instruction is not proper in connection with a special verdict, and that it is error to inform the jury as to the effect of their answers upon the ultimate rights of the parties. Reed v. City of Madison, 85 Wis. 667, 56 N. W. 182; Coats v. Town of Stanton, 90 Wis. 130, 62 N. W. 619; Conway v. Mitchell, 97 Wis. 290, 72 N. W. 752; Kohler v. West Side Co., 99 Wis. 33, 74 N. W. 568; Ward v. C., M. & St. P. Ry. Co. (Wis.) 78 N. W. 442; Baxter v. C. & N. W. Ry. Co. (Wis.) 80 N. W. 644; Sladky v. Marinette Lumber Co. (Wis.) 83 N. W. 514; Musbach v. Wisconsin Chair Co. (Wis.) 84 N. W. 36; Mauch v. City of Hartford (Wis.) 87 N. W. 816; Byington v. City of Merrill (Wis.) 88 N. W. 26. See, also, I., P. & C. Ry. Co. v. Bush, 101 Ind. 582. In this case the error was flagrant, for the jury were not only informed by the instructions complained of as to the effect their answer would have upon the plaintiff's right to recover, but were

also expressly authorized to apply the law to the facts, and declare, as a conclusion, that the plaintiff was or was not barred from recovery "under the law as laid down in the instructions." This was the finding of a legal conclusion, which, under the plain language of the statute, belongs exclusively to the trial judge. It is entirely clear that as to the question of plaintiff's contributory negligence—and it was a material question—the finding has all the elements of a general verdict. Whether this finding would have been sufficient, had the jury found that the plaintiff was not guilty of contributory negligence, omitting the legal conclusion as to the effect of their answer, we do not determine. There is respectable authority for the view that such a finding is a mere statement of a conclusion, and will not support a judgment, save in exceptional cases, and that even then the jury must also find the physical facts upon which the conclusion is based. P., C. & St. L. Ry. Co. v. Spencer, 98 Ind. 186; C., St. L. & P. Ry. Co. v. Burger, 124 Ind. 275, 24 N. E. 981; L., N. A. & C. Ry. Co. v. Miller, 141 Ind. 533, 37 N. E. 343; Walkup v. May, 9 Ind. App. 409, 36 N. E. 917; E. & T. H. Ry. Co. v. Taft, 2 Ind. App. 237, 28 N. E. 443; C., C., C. & S. & L. Ry. Co. v. Hadley, 12 Ind. App. 516, 40 N. E. 760; Gaston v. Bailey, 14 Ind. App. 581, 43 N. E. 254. See, also, Lee v. C., St. P., M. & O. Ry. Co., 101 Wis. 352, 77 N. W. 714.

We express no opinion as to the form or sufficiency of the remaining questions, or as to whether they cover all the material issues. The error considered is fatal, and requires a reversal.

The case was tried and submitted to the jury upon the theory— and this was against the repeated objections of defendant's counsel —that the complaint alleges an injury resulting from the defendant's negligence. In view of the fact that a new trial must be had, it is proper to state that in our opinion this construction of the complaint is unwarranted. It plainly charges the defendant with an intentional injury, and not an injury resulting from negligence. The only attempt to charge negligence is the allegation that "defendant neglected to inform the plaintiff that the mixture was of a highly dangerous and explosive character." This is not an allegation of the negligent omission of a duty, for it is alleged in connection therewith that this omission was "with intent to endanger the life and property of the plaintiff." In other words, it alleges an intentional concealment of the dangerous character of the mixture, with intent to "endanger the life and property of the plaintiff."

It is improbable that the other questions presented will arise upon the new trial.

The district court is directed to set aside the judgment and grant a new trial. All concur.