## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

---

ANDREW NYGAARD, Respondent, v. NORTHERN PACIFIC RAILWAY COMPANY, a Foreign Corporation, Appellant.

(178 N. W. 961.)

**Trial — questions submitted for special verdict should contain ultimate facts.**

1. Questions submitted to a jury for a special verdict should contain only the ultimate conclusions of fact in controversy. The questions should be plain, single, and direct. They should not comprehend issues of law except as issues of law and fact are necessarily intermingled.

**New trial — on motion court may consider its own error in submitting special verdict.**

2. In the preparation and submission of questions for a special verdict, the trial court exercises its discretion. When it errs, in this discretion, both in the preparation and submission of such questions to a jury, it may exercise its discretion concerning its own error upon motion for a new trial.

**New trial — court has discretion to grant for error in submission of questions for special verdict.**

. 3. In an action for personal injuries, where a special verdict was returned by the jury upon questions proposed that involved questions of fact, questions of law and of fact intermingled, and conclusions of law without any instructions to the jury concerning some of the questions of law involved, and where thereafter the trial court upon motion therefor made its order granting a new trial, it is *held* that the trial court did not abuse its discretion in so doing.

Opinion filed June 17, 1920. Rehearing denied September 10, 1920.
46 N. D.—1.

Action for personal injuries in District Court, Stutsman County, *Coffey, J.*

The defendant has appealed from an order granting a new trial.

Affirmed.

*Young, Conmy & Young,* for appellant.

Complaint cannot be made of failure to instruct unless there is a request for further instruction made. State v. Glass, 29 N. D. 620; North Star Lumber Co. v. Rosenquist, 29 N. D. 567; State ex rel. People v. Banik, 21 N. D. 425; Chrestenson v. Harms, 161 N. W. 346; Huber v. Seiszler, 37 N. D. 556.

A finding that plaintiff was negligent or defendant negligent, or that plaintiff had or had not assumed the risk of injury, would be a legal conclusion on the part of the jury, and not permissible. P. C. & St. L. R. Co. v. Burger, 124 Ind. 275, 24 N. E. 981; L. N. A. & C. R. Co. v. Miller, 141 Ind. 533, 37 N. E. 343; Walkup v. May, 9 Ind. App 409, 36 N. E. 917; E. & T. H. R. Co. v. Taft, 2 Ind. App. 237, 28 N. E. 442; C. C. C. & St. L. R. Co. v. Hadley, 12 Ind. App. 516, 40 N. E. 760; Gaston v. Bailey, 14 Ind. App. 581, 43 N. E. 254; Lee v. C. St. P. M. & O. R. Co. 101 Wis. 352, 77 N. W. 714; Morrison v. Lee, 13 N. D. 600.

Assuming that additional instructions should have been given without request, the error in this regard was not prejudicial. Boulger v. N. P. R. Co. (N. D.) 171 N. W. 635; Guild v. Moore, 32 N. D. 432.

*Knauf & Knauf,* for respondent.

At defendant's request, the instructions as to the law were omitted and error created. Louisville etc. v. Frawley, 9 N. E. 594; Louisville etc. v. Hart, 4 L.R.A. 549; Ward v. Cochran, 18 C. C. A. 7; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1; North Star Lbr. Co. v. Rosenquist, 29 N. D. 566.

All of the issues formed were not submitted. Crick v. Ins. Co. 48 N. W. 198.

The special interrogatory or verdict failing to cover the issues in the entire case cannot control the right of the plaintiff to a general verdict. Reed v. Lammel, 42 N. W. 202; Freidman v. R. R. Co. 71 Atl. 901; Pint v. Bauer, 16 N. W. 84; Crich v. Ins. Co. 48 N. W. 199; Morbey v. R. R. Co. 89 N. W. 105; Hall v. Ratcliff, 24 S. E. 1011; McDougall v. Ashland, etc., 73 N. W. 330; Baxter v. R. R. Co. 8 N. W.

645; Bank v. Peck, 8 Kan. 660; Clemenston, Special Verdicts, p. 204.

To entitle one, submitting special inquiries to a jury, to a verdict on answers thereto, the inquiries must cover all of the issues involved in the case. Morbey v. Ry. Co. 89 N. W. 108.

BRONSON, J. *Statement.*—This is an action to recover personal injuries. The plaintiff, while employed by the defendant upon a pile driver, as a signal man, was injured on May 18th, 1917, by the breaking of a rope which permitted a heavy iron bar to fall upon his back. This rope was used to hold certain iron braces or arms in place in connection with the work of the pile driver.

The complaint, as amended, alleges that the parties were then engaged in interstate commerce; that this rope, so used in connection with the pile driver, was negligently permitted by the defendant to become old, worn, frazzled and frayed. That it negligently failed to properly inspect and repair such rope, although warned of and knowing its dilapidated or frayed condition, for one or more days; that it negligently failed to provide for the plaintiff a safe place to work.

The answer denies negligence on the part of the defendant and alleges that the plaintiff's injury was received because of the ordinary and usual risks of the work in which he was engaged, which he understood and appreciated, and also because of his own contributing negligence.

At the close of the testimony a request for a special verdict was made. The court submitted the case accordingly to the jury for a special verdict upon seventeen questions. No general verdict was returned. The court gave no instructions to the jury whatever, excepting brief definitions of the terms, "negligence," "proximate cause," and "ordinary risk."

These questions and answers are as follows:

1. Was the rope in question here, in a worn and frayed condition before the accident? A. No. The rope was old.

2. If you answer question No. 1 in the affirmative, state whether or not the danger of accident at that time, in continuing to use it in that condition was apparent and known to the plaintiff. A. Yes.

3. Did the plaintiff notify Albert Berg the afternoon before the accident, that the rope in question was in a worn and frayed condition? A. Yes.

4. Did Albert Berg tell plaintiff he would repair or get a new rope by the next afternoon and that the rope in use would be all right till then? A. No.

5. If you answer question No. 4 "Yes," then did plaintiff continue to use the rope in question because of that promise? A.————.

6. If your answer to No. 5 is "Yes," then did plaintiff exercise reasonable care in continuing to use the rope in question, in relying upon that promise? A. No.

7. Was the rope in question cut and the accident caused on account of the manner in which the pile line or steel cable was placed, rather than because of the rope being in a worn and frayed condition? A. Yes.

8. After the operation of straightening the pile was commenced, and just before the accident happened, did Kebsgaard call to plaintiff and say "The block is pulling out" or words to that effect, and did plaintiff look at Kebsgaard and at the block and laugh? A. Yes. He was warned.

9. If your answer to the preceding question is "Yes" (if answer is "no" no answer is necessary) then would the accident have happened if plaintiff had heeded the warning and stopped the operation? A. No.

10. Was the accident in question one arising under the ordinary risks of the kind of work which was being done at that time? A. Yes.

11. Did defendant company furnish the plaintiff with reasonably safe appliances with which to work at time in question? A. Yes.

12. Was the rope in a worn and frayed condition at the time of accident, or immediately before accident? A. No. The rope was old.

13. If you answer question No. 12, "Yes," then was the worn and frayed condition of the rope in question the proximate cause of plaintiff's injury? A. No.

14. Has plaintiff sustained permanent injuries by reason of accident in question? A. Yes.

15. What damage in dollars and cents, if any, has plaintiff sustained and is reasonably certain to sustain because of injuries, pain, suffering, loss of time on account of inability to work, and expense for medical attention growing out of accident in question? A. $7,862.

**16.** Was the plaintiff himself negligent in the conduct of his work here? A. Yes.

**17.** If you find plaintiff was negligent state in what sum the amount of his damage should be reduced because of that negligence? A. $500.

Upon such special verdict, the trial court ordered judgment in favor of the defendant. Pursuant thereto, judgment of dismissal with costs was entered. Thereafter, plaintiff made a motion for a new trial upon grounds of error at law, occurring during the trial and for failure of the court to give to the jury instructions as to the law involved. The trial court vacated the judgment and ordered a new trial. The defendant has appealed from such order.

*Opinion.*—The trial court granted a new trial: The final question therefor is involved whether the trial court in so doing, possessed a discretion, and whether it abused its discretion.

The jury by their special verdict have found strongly against the plaintiff. Among the questions submitted to the jury were questions upon the facts, upon propositions involving mixed questions of law and fact, and upon law issues alone, or mere conclusions of law. For instance, the questions which required the jury to answer whether the plaintiff himself was negligent called for a conclusion of law. Its consideration involved the consideration of a mixed question of law and fact. See note in 24 L.R.A.(N.S.) 62.

In general effect, the jury found that the defendant was free from negligence, and that the plaintiff had assumed the risk and was guilty of contributory negligence, both upon the questions of law and of fact as submitted.

Under the law, § 7633, Comp. Laws 1913, the duty is imposed upon the trial court to both prepare and submit the questions for a special verdict. It possesses a discretion concerning the manner and form of such questions.

The cause at bar was a jury case. The issues of law therein were for the court, and the issues of fact for the jury. Comp. Laws 1913, § 7608. The submission of this case for a special verdict, instead of a general verdict, did not transfer to the jury the issues of law committed by law to the court.

By statute, the special verdict must present conclusions of evidence

as established by the evidence and not the evidence to prove it and these conclusions must be so presented that nothing shall remain for the court except to draw therefrom conclusions of law. Comp. Laws 1913, § 7632. This court has held that the questions for a special verdict should be plain, single, and direct. That they should contain only the ultimate conclusions of fact in controversy. Russell v. Meyer, 7 N. D. 335, 47 L.R.A. 637, 75 N. W. 262; Lathrop v. Fargo-Moorhead Street R. Co. 23 N. D. 251, 136 N. W. 88; Swallow v. First State Bank, 35 N. D. 608, 161 N. W. 207.

Plainly, questions should not be submitted upon issues of law or that call for conclusions of law. See note in 24 L.R.A.(N.S.) 30.

In such cases, this court has held that it is not proper for the court to give general instructions upon the law, as in the case of a general verdict. Morrison v. Lee, 13 N. D. 591, 598, 102 N. W. 223. That the court should not charge the jury further than is necessary to assist in answering the questions submitted. Lathrop v. Fargo-Moorhead Street R. Co. 23 N. D. 251, 136 N. W. 88. That the jury are not required to find upon a fact established by the undisputed evidence. Swallow v. First State Bank, supra.

These holdings, however, do not mean that the trial court may not instruct, within its discretion, as the circumstances require, concerning the issues upon the pleadings, the burden of proof, the legal rules for weighing and reconciling testimony, and also the law involved in material issues of fact submitted. See note in 24 L.R.A.(N.S.) 62.

In this case the trial court gave no instructions whatever excepting definitions of the terms, "negligence," "proximate cause," and "ordinary risk." In its memorandum opinion, the trial court has justified its order granting a new trial solely upon the ground that the instructions, as given, were insufficient for the jury to intelligently answer the questions propounded.

The appellant contends, however, that the particular questions of fact have been so completely and well answered by the jury upon which no instructions were or should have been given, that, in any event, further instructions would have been of no avail to the plaintiff.

To what extent the answer of the jury upon the particular questions of fact were in any manner influenced or guided by the particular questions calling for conclusions of law or issues of mixed law and fact, or,

to what extent, the finding of the jury that the rope involved was old, and not in a worn and frayed condition, is affected by the findings of the jury to the general effect that the plaintiff was negligent and assumed risks and that the defendant furnished reasonably safe appliances, were matters for the consideration of the trial court in its order for judgment and its order upon the motion for a new trial. This applies where the trial court has submitted questions for a special verdict not in accordance with the statutory requirements. If the trial court has discretion in submitting such questions, it likewise has discretion to review its own error in the exercise of such discretion.

The trial court has determined that it erred. Although, separately considered, it may not have erred in its instructions concerning the particular questions of fact submitted, and in submitting questions calling for conclusions of law beyond the statutory requirements, and in failing to instruct sufficiently thereupon, nevertheless, it may not be said that the trial court has no discretion in reviewing its action, where it has submitted questions to the jury calling for conclusions of law, and where it finds that, upon material law matters necessary for the jury to answer intelligently such questions, it has failed to instruct.

The appellant further maintains that the plaintiff cannot be heard to question the lack of instruction by reason of his failure to request the trial court in such respects; this failure, however, may not control the discretion of the trial court when it deems it proper to exercise its discretion upon the double problem of having submitted to the jury more than ultimate questions of fact and in having failed to instruct the jury upon material law matters necessary for the jury to intelligently answer such questions.

The appellant further maintains that the trial court had no jurisdiction to pass upon the motion for a new trial by reason of the failure of the plaintiff to particularly specify the items upon which the court failed to instruct. Although the plaintiff should technically have so specified, the favorable action of the trial court in recognizing the motion and the specific grounds that might have been specified has cured the error.

If upon all these matters the trial court should have denied the motion for a new trial, the contentions of the appellant might be consid-

ered well taken and the order of the trial court, in such event, should probably not be disturbed.

The further specification of the appellant that upon the undisputed testimony the defendant was entitled to a judgment of dismissal is without merit.

We are of the opinion that the trial court, upon this record, exercised a discretionary right in granting a new trial and did not abuse its discretion in so doing.

The order is affirmed with costs to the respondent.

ROBINSON, J., concurs.

GRACE, J. (concurring specially). This is an appeal from an order granting a new trial.

It has been repeatedly held by this court that the trial court has a wide discretion which it may exercise in granting a new trial; and that where it does exercise that discretion, and does grant a new trial, its order in that respect will not be disturbed, unless it appears it was a clear abuse of discretion to have granted and made it.

The only real question presented in this appeal is whether or not the trial court clearly abused its discretion in granting a new trial. We are unable to say in this case that it has, and, for this reason, its order granting a new trial should be affirmed.

BIRDZELL, J. (dissenting). I dissent. It seems to me to be clear, from a reading of the instructions given and the special verdict of the jury, that the jury has disposed of every issue of fact in the case upon which the liability of the defendant could be based, and that whatever error there might have been incident to the failure to give more adequate instructions was error favorable to the plaintiff, of which he cannot, of course, complain. It is inconceivable that the failure to tell the jury that the plaintiff sustained the burden of proof was in any way detrimental to him. The same is true with regard to the absence of instructions relating to the credibility of the witnesses and the duty of the jury to weigh their testimony, for apparently the jury resolved these questions against the plaintiff. It doubtless would have done so

all the more readily had it been instructed that it was within its province so to do.

The brief instructions with reference to the meaning of the terms "negligence," "proximate cause" and "ordinary risks" are, it seems to me, rather commendable than otherwise. As is indicated in the majority opinion, these terms were properly defined. I fail to see wherein their meaning might have been made more clear by additional exposition. We must assume that the jury was composed of intelligent persons capable of understanding the simple language employed by the court in defining these terms. Since a special verdict was requested, it was incumbent on the court to avoid, as far as possible, the giving of instructions that would indicate to the jury the probable effect of their answers upon the outcome of the litigation. Morrison v. Lee, 13 N. D. 591, 102 N. W. 223; Lathrop v. Fargo-Moorhead Street R. Co. 23 N. D. 246, 136 N. W. 88.

In addition to what has been said, and without attempting a statement as to the form of question to be submitted for a special verdict, I respectfully dissent from that part of the majority opinion which considers the question of negligence or contributory negligence for the purpose of a special verdict as a "mixed question of law and fact." I understand the question of negligence to be a question of fact, and it is none the less so because the law has undertaken to define what shall constitute negligence. It is an inference ordinarily to be drawn from facts proved, but it is an inference of fact. This inference must be drawn by the jury except in those instances where the facts are consistent only with the absence of reasonable care or prudence. The nature of the question is in no wise changed, where a special verdict is asked for. A special verdict does not authorize a court to draw this inference of fact in every case. Whenever we say, as we sometimes do, that there is negligence or contributory negligence as a matter of law, or that there is no negligence or no contributory negligence as a matter of law, we adopt the expression as a means of saying that the facts disclosed by the evidence are such as to leave no room for an inference of fact to the contrary.

In the instant case the jury has found ultimate facts to exist from which it is clear that the defendant is not liable for the injury which the plaintiff sustained.

It further appears in this record, and particularly in the memorandum opinion, that the trial court did not base the order for a new trial upon any discretionary grounds, but solely on the ground that it erred in a matter of law. It seems clear to me, for the reasons stated above, that no error of law had been committed and that there is in fact no substantial foundation for a new trial. For these reasons I am of the opinion that it was error to grant it, and that the order appealed from should be reversed.

I am authorized to say that Mr. Chief Justice CHRISTIANSON concurs in this dissent.