HENRY O. OLSON, Respondent, v. HORTON MOTOR COMPANY, a corporation, W. H. HORTON, W. G. KIRBY and W. L. MARTINCKA, Appellants.

(185 N. W. 365.)

**Trial — general instruction of law upon submission of special verdict error.**

1. The plaintiff brought an action against defendants for false arrest and imprisonment. Certain issues of fact were submitted to a jury on a special verdict. The court in submitting the special verdict also gave what is regarded as general instructions of law. It is *held* that this was reversible error.

**Trial — submission of general verdicts with special verdict held error.**

2. At the time submitting a special verdict the court also submitted two forms of general verdict under the same instructions, and in connection with the special verdict. It is *held* the submission of the general verdicts in the circumstances in which they were submitted was reversible error.

Opinion filed Nov. 17, 1921.

Appeal from the District Court of Ransom County, North Dakota, *McKenna, J.*

Judgment reversed.

*Lawrence, Murphy* and *Nilles,* for appellants.

"Arrest under a warrant, valid in form, issued by competent authority on a sufficient complaint, is not false imprisonment, though the indictment under which the warrant issued was procured maliciously and by artifice and misrepresentation, for the purpose of extorting money. The proper remedy is not an action for false imprisonment, but for malicious prosecution. Judgment (C. C. A. 1896) 77 Fed. 271, affirmed. Whitten v. Bennett, 86 Fed. 405; 30 C. C. A. 140.

The complaint being sufficient to give the magistrate jurisdiction, the complainant who presented the same was likewise exempt from liability for false imprisonment, and could be reached, if at all, only in an action for malicious prosecution, Judgment (1904) 88 N. Y. Supp. 871, 43 Misc.

Rep. 292, affirmed.—Gilbert v. Saterlee, 81 N. Y. Supp. 960, 191 App. Div. 313.

"In an action for an arrest and false imprisonment, where defendant justifies under a warrant, the warrant, prima facie, proves itself, and it is for plaintiff to show that it was illegally issued.

In an action against a deputy marshal for false imprisonment on proof that he was an officer de facto, the court in absence of proof to the contrary, will presume that he was also an officer de jure. Prell v. McDonald, 7 Kan. 426, 12 Am. Rep. 423.

"An action for false imprisonment will not lie where plaintiff has not been arrested; and, though his manual seizure is not necessary to an arrest, there must be some sort of personal coercion." Hill v. Taylor, 50 Mich. 549; 15 N. W. 899.

"There is no legal wrong unless the detention was involuntary." 19 Cyc. Law. & Proc. p. 323.

An advocate has neither duty nor right to appeal to prejudices, just or unjust, against his adversary, dehors the very case he has to try. The very fullest freedom of speech within the duty of his profession should be accorded to counsel; but it is license not freedom, of speech, to travel out of the record, basing his argument on facts not appearing, and appealing to prejudices irrelevant to the case and outside of the proof." Thomp. Trials, § 963. Hall v. Wolff, supra; People v. Carr, 64 Mich. 702; 31 N. W. Rep. 590; Turner v. State, 4 Lea, 206; Festner v. Railroad Co. 17 Neb. 280; 22 N. W. 557; Paper Co. v. Banks, 15 Neb. 20; 16 N. W. Rep. 833; Ferguson v. State, 49 Ind. 33; Koelges v. Insurance Co., 47 N. Y. 638; Mitchum v. State 11 Ga. 615; Rolfe v. Rumford, 66 Me. 564; Bullard v. Railroad Co. 64 N. H. 27; 5 Atl. 838; Bulliner v. People, 95 Ill. 396; Brown v. State, 60 Ga. 210; Northington v. State, 14 Lea. 424; Flint v. Com. 81 Ky. 186; Sullivan v. State, 66 Ala. 48; Tucker v. Hennicker, 41 N. H. 317; Gallinger v. Traffic Co. 67 Wis. 529; 30 N. W. 790; Henry v. Railroad Co. 66 Iowa 52; 23 N. W. 260; Palmer v. Railroad Co. (Idaho) 13 Pac. 425; Lindsay v. Pettigrew (S. D.) 52 N. W. 874.

"Where a case is submitted for a special verdict, general instructions are not proper. The jury should only be given instructions which are appropriate to the question which they are to answer, and it is error to inform them as to the effect their answers will have upon the ultimate rights of the parties, or to authorize them to answer in the form of a legal conclusion." Morrison v. Lee, 13 N. D. 591.

The Supreme Court of Wisconsin, in passing upon this question under

a statute like our own, has repeatedly held that a general instruction is not proper in connection with a special verdict, and that it is error to inform the jury as to the effect of their answers upon the ultimate rights of the parties. Reed v. City of Madison, 85 Wis. 667; 56 N. W. 182; Coates v. Town of Stanton, 90 Wis. 130; 62 N. W. 619; Conway v. Mitchell, 97 Wis. 290; 72 N. W. 752; Kohler v. West Side Co. 99 Wis. 33; 74 N. W. 568; Ward v. C., M. & St. P. Ry. Co. (Wis.) 78 N. W. 442; Baxter v. C. & N. W. Ry. Co. (Wis.) 80 N. W. 644; Sladky v. Marinette Lumber Co. (Wis.) 83 N. W. 514; Musbach v. Wisconsin Chair Co. (Wis.) 84 N. W. 36; Mauch v. City of Hartford, (Wis.) 87 N. W. 816; Ryington v. City of Merrill, (Wis.) 87 N. W. 26; See also I., P. & C. Ry. Co. v. Bush, 101 Ind. 582.

*Curtis & Remington & E. T. Burke,* for respondent.

GRACE, C. J. This action is one where plaintiff recovered judgment for $1,500 against the three defendants, Horton, Kirby, and Martincka, as officers, servants, agents, and employees of the Horton Motor Company, for damages for false arrest and imprisonment.

The complaint, in substance, charges that the defendants conspired together to cause his unlawful arrest and imprisonment. At the close of plaintiff's case the action against the Horton Motor Company was dismissed and the case submitted to the jury on a special verdict as to the three defendants above named. Damages were fixed at the amount above named. Judgment was entered on the special verdict. The appeal is from the judgment. The complaint is short and in the ordinary form in such actions.

The answer, after the interposition of a specific denial of the allegations of the complaint, pleads a justification of the arrest, alleging that it was by authority of law and by virtue of a warrant of arrest duly issued and in the hands of proper authorities and served in an action entitled State of North Dakota, Plaintiff, v. J. O. Jensen and Hank Olson, Defendants; that the action was commenced and pending before Hon. H. F. Miller, justice of the peace of Cass county, N. D., who had jurisdiction to issue the warrant of arrest; that the arrest was ordered and directed by the sheriff of Cass county, he having in his possession the warrant of arrest commanding him to arrest Olson to answer the charge of embezzlement.

The defendants specified 26 errors of law and 11 specifications of

insufficiency of the evidence to sustain the verdict and judgment. The material facts in the case are as follows:

Olson, a young man, lived at Lisbon, where he operated a garage. Jensen lived in the same town, and was selling agent of Chalmer and Maxwell automobiles for the Horton Motor Company of Fargo. There was some difficulty between Jensen and the Horton Motor Company not necessary to detail here. On or about the 5th day of August, 1920, Olson went to Halstad, Minn., on an errand for Jensen; while there, on the evening of the date last mentioned, and while he was at the residence of one Mrs. Moe, the mother of Mrs. Jensen, he was arrested by the village policeman, one Sather, who was directed to make the arrest by Kirby and Martincka, two of the defendants who were at this time at Halstad. Sather turned Olson over to Kirby, who took him to Fargo, but did not there turn him over to the sheriff, but instead he took him to the office of defendant Horton, who theretofore and prior to the arrest had sworn to a complaint before H. F. Miller, the justice of the peace, charging the plaintiff and Jensen with embezzlement of an automobile claimed to be the property of the Chalmers Motor Car Company, and upon such complaint the warrant was issued and delivered to the sheriff of Cass county for service. The car in which plaintiff drove to Halstad was his own car.

The proof seems to be quite clear that there was no cause to arrest the plaintiff. He was not in the employ of the Horton Motor Company. He was restrained of his liberty and right of locomotion, not by any public officers, but, as hereinafter stated, by Horton and Kirby. It appears that Martincka did not come to Fargo, and that he had nothing to do with what transpired there in Horton's office. It also appears that this is the particular time, if any, when the plaintiff was restrained of his liberty and right of locomotion. Neither Horton nor Kirby were public officers, but in some way were connected with the Horton Motor Company. Olson was restrained at Horton's office from about 11:00 o'clock p. m. until about 3:00 o'clock a. m. the following morning, when he was permitted to go where he wished. While there, he was questioned by Horton and Kirby, presumably on matters relative to his arrest.

Though the defendants have assigned many errors, they have abandoned everything except the following three points: (1) The total insufficiency of the evidence to justify a verdict for false arrest or false

imprisonment against any of the defendants. (2) Prejudicial remarks of counsel and plaintiffs to the jury calling for punitive damages. (3) Several errors of the trial court with respect to the submission of a special verdict, among which are the submission of general verdicts together with a special verdict, the giving of general instructions with the special verdict, and the giving of instructions clearly advising the jury of the effect the answer to such question would have upon the rights of the parties, and the failure to instruct as to specific questions. As we view the record on appeal, it will be necessary, for the reasons hereinafter set forth, that a new trial be granted. It will not be necessary to here discuss other than the third point above stated. In passing, it may be well to remark, as there will be a new trial, the remarks of counsel mentioned in the second point and claimed to be prejudicial will need no discussion.

In the course of giving the instructions the court submitted a special verdict, which consisted of eight distinct and separate questions, all of which the jury answered. The court at the close of its instructions, in addition to submitting the special verdict, submitted to the jury two forms of general verdict, one of which was in such form that, if the blanks in it were properly filled by the jury, it would be a verdict in defendant's favor. The other, if the blanks were filled, would be a verdict in the defendant's favor. With reference to these forms of general verdict the court stated to the jury that—

"Whichever form of verdict you find, you will have your foreman date and sign the same, and when you have agreed upon your verdict you will notify the bailiff and you will be returned into court."

The defendant at this time objected to the submission of the general verdicts, and excepted to the submitting of general instructions and to the failure to instruct as to specific questions. The jury retired, and after a short time returned in open court for further instructions, and the following occurred:

"Foreman of the Jury: I do not really understand how to fill out this blank.

"The Court: This is the special verdict blank.

"Foreman of the Jury: Yes, sir; we do not understand that we are to write in the names of each individual of the defendants here, or whether they are to be written in as one.

"The Court: This inquiry pertains to the general verdict. Does it not?

"Foreman of the Jury: Yes; there were three blanks here, you see.

"The Court: The court on its own motion withdraws from the consideration of the jury any form of general verdict in this action, and I instruct the jury to confine its finding solely to the questions propounded in the special verdict. Probably that will relieve you gentlemen of your trouble. If you will just return these two blanks covering the general verdict and answer the questions as they appear thereon and under the instructions that I have already given you.

"Foreman of the Jury: That would not be in accordance with the findings. We couldn't on the special verdict—

"The Court: Then you will have to answer these questions then to the best of your ability."

The jury then retired and returned with the special verdict, and the court read each question therein to the jury and asked them if the answers to the questions were as they had found them, and the jury answered in the affirmative. It is not necessary to set out the questions and answers at length.

In these circumstances the query presented is: Can it be said that the jury may not have been prejudiced by the submission of the general verdicts in connection with the special verdict, where, as here, the instructions given were such as may be termed general instead of being confined to the matters covered by the special verdict and such additional instructions as the court may properly give in cases where a special verdict is taken. As we read the instructions, they are so complete that, if a special verdict had not been submitted and the case had been submitted to the jury for a general verdict only, they would have been sufficient.

There is abundant authority sustaining the principle that where a special verdict is taken general instructions should not be given; in other words, in effect, holding that general instructions are not applicable to a special verdict. Cases more or less sustaining this principle are Goesel v. Davis, 100 Wis. 678, 76 N. W. 768; Musbach v. Wisconsin Chair Co., 108 Wis. 57, 84 N. W. 36; and, in addition to these, a long list of cases cited under subdivision B of the note to the case of State v. Hanner, 143 N. C. 632, 57 S. E. 154, 24 L. R. A. (N. S.) 63. Most of the authorities cited in this part of the note are from Wisconsin, with the exception of

three Indiana cases, one Texas, and Morrison v. Lee, 13 N. D. 591, 102 N. W. 223. In a different portion of the note appears the case of Udell v. Citizens' Street Ry. Co., 152 Ind. 507, 52 N. E. 799, 71 Am. St. Rep. 336, which states another rule. In subdivision 8 of the syllabus it is stated that—

"Where a special verdict is requested, no instructions are proper, except such as are necessary to inform the jury as to the issues, the rule for weighing evidence, who has the burden of proof, and whatever else may be necessary to enable the jury clearly to understand its duties."

This rule is the one adopted by this court in the case of Nygaard v. Northern Pacific Ry. Co., 178 N. W. 962. In that case, in an opinion written by Mr. Justice Bronson and concurred in by one of the other Justices and the writer hereof, the remaining Justices dissenting, the following language was used:

"This court has held that the questions for a special verdict should be plain, single, and direct; that they should contain only the ultimate conclusions of fact in controversy. Russell v. Meyer, 7 N. D. 335, 75 N. W. 262, 47 L. R. A. 637; Lathrop v. Railway Co., 23 N. D. 251, 136 N. W. 88; Swallow v. First State Bank, 35 N. D. 608, 161 N. W. 207. Plainly questions should not be submitted upon issues of law, or that call for conclusions of law. See note, 24 L. R. A. (N. S.) 30.

"In such cases, this court has held that it is not proper for the court to give general instructions upon the law, as in the case of a general verdict (Morrison v. Lee, 13 N. D. 591, 598, 102 N. W. 223); that the court should not charge the jury further than is necessary to assist in answering the questions submitted (Lathrop v. Railway Co., supra); that the jury are not required to find upon a fact established by the undisputed evidence (Swallow v. First State Bank, supra). These holdings, however, do not mean that the trial court may not instruct, within its discretion, as the circumstances require, concerning the issues upon the pleadings, the burden of proof, the legal rules for weighing and reconciling testimony, and also the law involved in material issues of facts submitted. See note 24 L. R. A. (N. S.) 62."

A principle largely contrary to the one stated in Nygaard v. Northern Pacific Railway Co., supra, was stated in the case of Daniels v. Payne, 182 N. W. 1010, where, in an opinion written by Mr. Justice Birdzell and concurred in by two other members of the court, and in which dissents

were filed by Justices Bronson and Grace, the following language was there used:

"In submitting a case to a jury for a special verdict, it has been frequently held to be error to give instructions indicating how the answer to certain questions will affect the outcome of the litigation. Morrison v. Lee, 13 N. D. 591, 102 N. W. 223, and cases therein cited; 27 R. C. L. 874, 24 L. R. A. (N. S.) note, pp. 62 and 70.

"It is the manifest aim of the special verdict statute (§§ 7632 and 7633, C. L. 1913) to enable litigants to obtain the judgment of the jury as to the facts in a case, disassociated from matters of law. As they are not to apply the law to the facts, instructions as to the law can at best serve no useful purpose.

"While it may be difficult to so frame questions for a special verdict and to give appropriate instructions upon them in such a way as to obscure to the average intelligent juror the effect of the answers, it is scarcely possible to conceive of a more flagrant violation of the policy of the special verdict statute than that which would result from countenancing the full statement of the allegations of fact on the respective sides of the principal provisions of law upon which reliance is placed for recovery."

It is not difficult to perceive that the rule stated in the case of Nygaard v. Northern Pacific Ry. Co., and that stated in Daniels v. Payne, supra, with reference to a special verdict, are in direct conflict. There is no possibility of harmonizing them. To attempt to do so would be accompanied with about as much success as to attempt mixing oil and water.

We are of the opinion that the rule stated in Nygaard v. Northern Pacific Ry. Co., regarding a special verdict, is as nearly the correct rule as can be stated; it concededly being a subject-matter which gives rise to numberless technicalities in connection with cases where it is used. And skilled and astute attorneys, and attorneys in general, find in its use a convenient means by which to introduce error into the record, if they are concerned with the weaker side of the case, or in one in which they must depend largely upon technical practice and procedure to bring a measure of success. Perhaps the technicalities which have prevailed in the use of the special verdict are nearing an end since the enactment of chap. 132, Session Laws of 1921, which makes it discretionary with the trial judge whether he shall order a special verdict in cases where an appli-

cation is made for it, and it would indeed be difficult to discern how it would be possible for a trial court to abuse its discretion by refusing to submit a special verdict.

· Litigants, under the constitution and laws of this state, in cases involving questions of fact properly triable to a jury, are entitled to have such cases submitted to the jury for a general verdict, accompanied by proper instructions of law, and this procedure will, as a rule, satisfy all litigants except those who desire the use of a special verdict, the use of which affords much opportunity for the exercise of technical procedure, with the result that it is not difficult to insert reversible error in the record, thus at least delaying, and often defeating, justice.

We conclude that the giving of the general instructions in the circumstances of this case was reversible and prejudicial error. We further conclude that it was like error to have submitted the general verdicts in connection with the special verdict, in the circumstances in which they were submitted.

It may be well to notice that the defendants objected to the questions prepared comprising the special verdict and the submission thereof to the jury, and this on several different grounds not necessary here to mention. Objections of this nature were quite fully considered in York v. General Utility Corporation, 176 N. W. 355.

The judgment appealed from is reversed. The case is remanded for a new trial. Appellant is entitled to his costs and disbursements on appeal.


BRONSON, J., concurs in the result.


ROBINSON, J. (concurring specially). I concur in the result of the decision as written by Mr. Chief Justice GRACE. The verdict and the judgment is grossly excessive, and for that reason alone a new trial should be granted. It is not the purpose of the law to aid one party in robbing another. While the plaintiff did not sustain actual damages in excess of $10, or, at most, $20, he bases the action on a verified complaint asserting and claiming damages to the amount of $5,000. When a complaint for a personal injury is so grossly and obviously untrue, the plaintiff should not be permitted to recover a dollar in excess· of actual damages. And in such a case, when an action is prosecuted by an attorney, as it generally is, for half the amount recovered, the court should

order that he be made a party plaintiff so that his interest in the action may appear. In court practice there should be no deception, no sailing under false colors. An attorney should not be allowed to pose before a jury as a disinterested minister of justice in case he has a half interest in the verdict or the recovery. Such a practice lowers the standard of legal ethics. It brings the legal profession into disrepute. It is demoralizing.

BIRDZELL, J. (concurring specially). I concur in the reversal of the judgment on account of the errors committed in the submission of the case for a special verdict. These errors are of the same character as those involved in Daniels v. Payne, 182 N. W. 1010, which case seems to be followed, though condemned, in the principal opinion herein. It is for the reasons stated in the opinion in Daniels v. Payne, which are also applicable to the case at bar, that I concur in the reversal of the judgment.

CHRISTIANSON, J., concurs.